370 P.2d 53

**Charles MILLER and Della Miller, husband and wife, Appellants,**

v.

**GEORGE F. COOK CONSTRUCTION CO.,**
**a corporation, Appellee.**

No. 6684.

Supreme Court of Arizona,

In Division.

March 21, 1962.

Hughes & Hughes, and Robert G. Mooreman, Phoenix, for appellants.

Moore & Romley, Phoenix, for appellee.

PORTER MURRY, Judge.

This is an appeal by the plaintiffs, Charles and Della Miller, husband and wife, from a judgment of the lower court entered upon a jury verdict denying them damages for the alleged negligence of defendant George F. Cook Construction Co. and from the denial of their motion for a new trial. The questions presented for our determination are: 1) the propriety of giving instructions on assumption of risk, 2) the correctness of the instruction given on assumption of risk, and 3) the correctness of various evidence rulings made by the trial court.

On November 9, 1955 about 10:00 a. m. plaintiff Della Miller walked to a corner grocery store in Scottsdale, Arizona, in search of her 4 year old son who had wandered away from plaintiff's place of business. Upon locating him she stood on the walk in front of the grocery store and talked to the owner before turning to go back to her place of business. Defendant Construction Co. was at this time trenching Scottsdale Road in order to place a clay conduit pipe for telephone cables and had dug a trench four to five feet deep and twenty to twenty-four inches wide. Walking back to her place of business along a path commonly used by people in the area, plaintiff "flipped in the dirt and went into the hole." As a result of the fall plaintiff sustained various injuries and required medical care.

In support of their contention that the lower court committed error by instructing the jury on assumption of risk, plaintiffs cite a number of cases in which such an

instruction was held to be error.[1] However in each of these cases the court held as a matter of law that assumption of risk did not apply to the facts before it since the dangers were obscure and unknown and could not be observed or appreciated under the conditions existing in the given case. Thus although there exists some difficulty in distinguishing assumption of risk from contributory negligence, the chief difficulty lies in applying the doctrine to the particular case under discussion. In order to determine whether the evidence in the instant case supports an instruction on assumption of risk, we must go more fully into the testimony adduced at the trial.

Plaintiff Charles Miller testified that the trench ran from north to south just west of Scottsdale Road and east of a private property line. The trench commenced north of his place of business, how far he did not know, and ran south past his place, and past a fence to the grocery store south of the fence. There was pipe piled along the fence, between the latter and the ditch. There was approximately two feet between the ditch and the piled pipe along the fence that paralleled the ditch.

Plaintiff Della Miller testified that she saw the ditch being dug in its entirety. She knew that the ditch was there; she saw the dirt piled up beside the ditch. After the ditch was dug past the fence south of the plaintiff's place of business, she went south to the grocery store passing in the space between the board fence and the ditch. Then when returning from the grocery store, plaintiff took the same route, and along with her son fell into the ditch. Plaintiff testified that prior to her fall a man with a shovel, in the trench, was throwing loose dirt and old pieces of pipe on the walkway by the fence and that the dirt on the walkway between the fence and the trench was just like spilled sugar. There was nothing placed alongside the trench to assist passersby or to keep them from falling into the trench.

A Mr. Rekeland testified that on the day of the incident digging commenced about fifty feet north of plaintiff's place of business and worked toward the south, and the trench dug the previous day had already been filled in.

In order to invoke the doctrine of assumed or incurred risk there must be either a risk or danger which the plaintiff knows of or appreciates, or the danger must be so obvious that the plaintiff will be presumed to have known and comprehended it. In the case of Lunsford v. Tucson Aviation Corp., 73 Ariz. 277, 240

1. Dutcher v. City of Santa Rosa High School District, 156 Cal.App.2d 256, 319 P.2d 14; Hedding v. Pearson, 76 Cal. App.2d 481, 173 P.2d 382; McAdams v. Raymond S. Roberts Inc., 117 Vt. 309, 91 A.2d 706; Wright v. Valan, 130 W.Va. 466, 43 S.E.2d 364.

P.2d 545, a student pilot was injured when a training plane crashed during take off. We recognized the assumption of risk doctrine and held that the student pilot could not assume the risk of a down draft which caused the crash and therefore an instruction on assumption of risk was erroneously given. Therein, quoting with approval from 65 C.J.S. Negligence § 174, we said:

"'* * * in order to invoke the doctrine of assumed or incurred risk, it is essential that the risk or danger shall have been known to, and appreciated by, plaintiff or that it shall have been so obvious that he must be taken to have known and comprehended it. * * * he does not assume obscure and unknown risks, which are not naturally incident thereto and which, in the existing conditions, would not be reasonably observed and appreciated; * * *.'"

Prosser, Law of Torts 310 (2nd ed. 1955) says:

"* * * it is evident that in all such cases an objective standard must be applied and that the plaintiff cannot be heard to say that he did not comprehend the risk which must have been obvious to him. As in the case of negligence itself there are certain risks which anyone of adult age must be taken to appreciate: * * * the

` danger of * * * falling through unguarded openings."

From the facts of the case at bar it is evident that there was another reasonably convenient route open to the plaintiff. She could have gone north for only fifty feet at which point she could have crossed to the east, over the filled in trench. She then could have proceeded south, walking east of the piled dirt to reach her destination, and then have returned using the same route.

Whether there was an existing dangerous situation or condition known to the plaintiff, or so obvious that she must be taken to have known and comprehended it, and whether there was a reasonably convenient route, other than the one taken, are all questions of fact to be determined by the jury under a proper instruction. Therefore we hold that on the basis of the facts herein, this is a proper case for assumption of risk, and the trial court was not in error in giving the jury instructions thereon.

The next question concerns. the propriety of the instruction on assumption of risk as given by the trial court. However in view of our holding that any error was an invited one, we do not deem it necessary to discuss the correctness of the instruction. The record reveals that the instructions submitted by plaintiffs were

considered first. An instruction identical in substance on the point complained of was requested by the plaintiffs. This Court has repeatedly held since Gibson v. McLane, 17 Ariz. 61, 148 P. 288 that one who offers an instruction which is given, may not be heard to complain of instructions given by the opposite party which are substantially the same. A party may not complain of instructions given at his request, but is bound by the theory of his own instructions.[2]

Plaintiffs rely on Michie v. Calhoun, 85 Ariz. 270, 336 P.2d 370 wherein we said:

"Here, the record of objections made plainly is not a commendable one in the light of Rule 51(a). Nevertheless, considering the fundamental nature of the errors implicit in the quoted instructions, we think this an appropriate case to take cognizance of the errors committed."

In that case however, the problem was that the plaintiff did not properly object in compliance with Rule 51(a) of our Rules of Civil Procedure, 16 A.R.S. to the instructions given, whereas in the case at bar the plaintiffs complain of an instruction given which was identical in substance to another one given at the request of plaintiffs.

In Southwest Cotton Co. v. Ryan,[3] a case wherein both parties requested substantially the same instructions, which instructions were given by the court, we said:

"There can be no question but that * * * it was error to give the instructions, but is appellant in a position to claim the benefit of it? * * * It is not thought for a moment that either request was prompted by a desire to lead the court into error, but it is apparent * * * that there might be instances in which counsel would not be governed by the proper motives, and to establish, therefore, a precedent fraught with such mischievous possibilities would be dangerous. Appellant cannot complain of an error which he has invited. The fact that appellee also made the request cannot aid appellant, because an erroneous instruction requested by both sides would more than likely lead to its being given than if it were asked by only one."

We hold therefore that plaintiffs cannot here complain of the instruction on assumption of risk.

The plaintiffs finally assign as error various evidentiary rulings of the trial court. We have examined in detail these

2. Town of Williams v. Perrin, 70 Ariz. 157, 217 P.2d 918; Wilkinson v. Phoenix Ry., 28 Ariz. 216, 236 P. 704; Southwest Cotton Co. v. Ryan, 22 Ariz. 520, 199 P. 124.

3. Note 2 supra.

various rulings and have failed to find anything that would constitute prejudicial error. The plaintiffs have cited no authority in support of their position and the court has failed to find any. It is therefore the ruling of this Court that the last assignment of error is without merit.

The judgment of the court below is affirmed.

STRUCKMEYER and JENNINGS, JJ., concurring.