416 P.2d 584

**Delbert NICHOLS, Appellant,**

v.

**Eugene C. BAKER, Appellee.**

**No. 7699.**

Supreme Court of Arizona.

In Division.

July 13, 1966.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, Wilson, Compton, Stoops & Brooks, Flagstaff, for appellant.

Langerman, Begam & Lewis, Phoenix, Amelia Lewis, Sun City, for appellee.

BERNSTEIN, Vice Chief Justice.

Appellant, hereinafter called defendant, appeals from a verdict and judgment in favor of appellee, hereinafter called plaintiff, entered by the Superior Court of Coconino County.

The essential facts and inferences most favorably supporting the judgment are that on August 2, 1958 plaintiff was injured when he jumped from a truck which was unable to negotiate a curve at the bottom of a hill because of defective brakes. At the time of the accident, plaintiff was employed by one Harold Jackson who was in the process of purchasing the truck in question from defendant and had obtained possession thereof approximately one month before. Jackson and others were named defendants in the original pleadings but the trial of the matter proceeded against defendant Nichols only. On this appeal defendant Nichols does not predicate error upon the legal relationship be-

tween himself and Jackson or others. Hence, our factual statement concerning that relationship is not here significant.

On the day of the accident, the truck was used to haul logs down from the mountains and carried a load of 75,000 pounds. Approximately two months before Jackson got the truck, defendant was informed by one of his drivers that the air brakes had failed and the driver had to run the truck onto the shoulder of the road to stop it. That driver was plaintiff's brother, June Baker, who examined the brake system on the truck at that time and found that the air hose had been spliced with copper tubing which had slipped out of the hose causing the loss of air pressure; the automatic protection system that was supposed to lock the trailer brakes when air pressure was lost did not work; the rear trailer wheels had no brake shoes or lining and the left rear tractor wheel had grease leaking on the brake drum. June told defendant about the defects but the only thing defendant repaired was the shoe lining on the right rear trailer wheel.

About two months before the accident, but after the repair, plaintiff had driven the same truck experiencing no difficulty at that time, although he noticed the splices on the air hoses. On the day of the accident he drove the truck tractor with the trailer on top to the log loading site, engaged the trailer to the tractor and connected the air hoses. The logs were loaded and plaintiff started down the mountain. When he reached the first steep grade the air brakes and automatic braking system failed and plaintiff was injured when he jumped from the truck before it ran off the road into a canyon. Later that day, June Baker, plaintiff's brother, went to the canyon, examined the truck and found the same defects which he had previously brought to defendant's attention except the shoe lining which had been repaired. June Baker's testimony is uncontradicted.

Three of defendant's assignments of error challenge the trial court's instructions or refusal to instruct the jury. It is first

argued that the court should not have instructed the jury on wanton negligence because there was no evidence tending to establish that conclusion. Defendant does not say the instruction was incorrect, only that the facts did not support it.

■ A person is wantonly negligent if he wilfully does an act or fails to do an act which it is his duty to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the plaintiff but also involves a high degree of probability that substantial harm will result. Alabam Freight Lines v. Phoenix Bakery, 64 Ariz. 101, 166 P.2d 816. Wantonness implies a reckless indifference to the results of an act. Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325.

■ We must first decide whether the evidence that defendant created an unreasonable risk of injury and a high likelihood that substantial harm would result was sufficient to justify the instruction on wanton negligence. We think so. In Coyner Crop Dusters v. Marsh, 90 Ariz. 157, 367 P.2d 208 reversed on other grounds 91 Ariz. 371, 372 P.2d 708 we said the trial court should not remove from the consideration of the jury the issue of wanton negligence if there is evidence upon which to predicate such a finding. In Reichardt v. Albert, 89 Ariz. 322, 361 P.2d 934 we approved of the following language:

"'* * * It is not necessary to the giving of an instruction that the evidence should establish conclusively the hypothesis stated in it; if there is any evidence conducing to establish the assumption it is sufficient to authorize the giving of the instruction, and it is for the jury to find whether the facts stated are made out by the evidence. * * *'" 89 Ariz. 326, 361 P.2d 937.

Of course, the evidence of wanton negligence must be more than slight and inconclusive bordering on the realm of conjecture. Butane Corporation v. Kirby, supra.

■ In the case before us defendant knew the truck brakes were defective and had failed before. He knew the truck was being used to haul logs down from the mountains and he knew that if the air brakes failed the defective automatic braking system would not stop the truck loaded with logs. We cannot say as a matter of law that the evidence was insufficient to justify instructing the jury on wanton negligence. The facts are similar to the case of Womack v. Preach, 63 Ariz. 390, 163 P.2d 280 rehearing 64 Ariz. 61, 165 P.2d 657, in which this court held there was sufficient evidence of wanton negligence to send the issue to the jury where the defendant truck owner knew the brakes on his vehicle were insufficient but nevertheless allowed the truck, while heavily loaded, to be operated on a busy thoroughfare. The trial court did not err in instructing the jury on wanton negligence.

■ During oral argument, defense counsel abandoned the assignment of error which alleged the trial court erred in denying defendant's instruction on unavoidable accident. · See Trickel v. Rainbo Baking Company of Phoenix, 100 Ariz. 222, 412 P.2d 852.

Defendant contends the trial court erred in refusing to charge part of his requested instruction on contributory negligence. The requested instruction including the deleted portion stated:

"The Defendant Delbert Nichols by his answer has charged the plaintiff with contributory negligence. Under the laws of Arizona contributory negligence is defined as negligence or want of reasonable care on the part of the party injured as was a cooperating cause or directly instrumental in causing or bringing about the damages in question, *and may consist of plaintiff voluntarily exposing himself to danger, or, in failing to avoid danger when the danger is known to him, or, when by the exercise of reasonable care and prudence on the part of plaintiff he would have discov-*

*ered the danger in time to have avoided it.*

*"Therefore, if you find from the evidence that the plaintiff failed to exercise reasonable care and that such failure was a contributing cause and instrumental in causing the damages in question, then and in that event plaintiff woud be contributorily negligent and cannot recover from the defendant."* [The italicized portion is material deleted by the court.]

The last paragraph of the requested instruction is obviously incorrect because it orders the jury to find against plaintiff if they find he was contributorily negligent. This part of the instruction is contrary to our decision in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444. Hence, there was no duty upon the trial court to give that part of the instruction. Builders Supply Corporation v. Shipley, 86 Ariz. 153, 341 P.2d 940.

■ The first part of the italicized or omitted instruction deals with the defenses of assumption of risk and last clear chance, rather than contributory negligence, and as to the latter defense, the language adds nothing to the complete instruction given by the trial court. Defendant did not plead the affirmative defenses of assumption of risk and last clear chance.

■ Defendant argues that the contributory negligence instruction given is faulty because it fails to advise the jury that it "should" find for defendant if plaintiff was contributorily negligent. It is true that the trial court did not instruct the jury what it could or should do if it found plaintiff contributorily negligent. But the error, if any, favored defendant. This inference arises from the following portions of the instructions:

"* * * The defendant has the burden of proof to (sic) the defense of contributory negligence. * * *"

* * * * * *

"If, upon any particular issue which you may be considering, you find that the evidence is evenly balanced, then the

party who has the burden of proof as to that issue has not sustained it and you *must* find that particular issue against the person who has that particular burden of proof." (Emphasis added)

The jury was told it *must* find against defendant if he did not prove plaintiff's contributory negligence on that issue. It would be natural for the jury to conclude it *must* find for defendant if he did prove plaintiff's contributory negligence. That conclusion, though erroneous, would favor the defendant. Layton v. Rocha, supra. When the trial court errs in favor of the complaining party, this court will consider such error harmless and insufficient to require a reversal. Inspiration Consol. Copper Co. v. Bryan, 31 Ariz. 302, 252 P. 1012.

We also note that the jury found plaintiff was not negligent. Defendant filed a counterclaim against plaintiff for damage to the truck. Plaintiff did not plead the affirmative defense of contributory negligence and the trial court instructed the jury it could not consider that defense as to the counterclaim. Thus, the sole issues before the jury on the counterclaim were whether plaintiff was negligent and whether his negligence proximately caused the damage to the truck. The jury found against defendant-counterclaimant on the counterclaim thereby concluding that plaintiff had not been negligent. Plaintiff's identical acts were the basis of defendant's defense of contributory negligence in the main suit. It follows that on plaintiff's complaint the jury did not find plaintiff was contributorily negligent.

■ Defendant next argues under Rule 15, Rules of Civil Procedure, 16 A. R.S., that the trial court erred in refusing to allow defendant's amendment to add the affirmative defense of assumption of risk on the day trial began and in denying a motion at the end of the trial to add the defense of assumption of risk to conform to the evidence. The answer and counterclaim were filed January 31, 1961. Depositions of both parties were completed by May 8, 1961 and the trial began seven

months later on November 16th. Defendant had ample opportunity to amend before trial. Nothing developed in the evidence at the trial that amounted to surprise or which was not known by defendant which would justify the trial court's granting a motion to permit defendant adding the defense of assumption of risk. After a jury panel had been sworn, defendant moved to plead assumption of risk but offered no explanation for the delay. Counsel for plaintiff said he was not prepared to defend against assumption of risk and that a continuance would cause considerable inconvenience since counsel and several witnesses in attendance at the trial were from out of town. Under these circumstances, we cannot say the trial court abused its discretion in refusing to allow an amendment to the pleadings. Swift v. City of Phoenix, 90 Ariz. 331, 367 P.2d 791.

■ Defendant's argument continues: "But even if the amendment should not have been allowed at the beginning of the case, it was necessarily required that it be allowed at the end, for the case had in fact been tried on a basis which put all of the assumption of risk evidence into the record. The whole theory of assumption of risk was that plaintiff consciously and wittingly drove the truck with full knowledge of every circumstances (sic) concerning the brake system. (citations omitted) As has been noted, he knew all about the splices and he had personally hooked up the hoses. All of this was in evidence."

This argument is without merit. The record shows that plaintiff did not have full knowledge of every circumstance concerning the brake system. Plaintiff's injuries were caused by the combination of the faulty air hoses and the other defects. He knew the air hoses were spliced, but there is no evidence in the record suggesting he knew or should have known that the splice was defective or of the other defects, i. e., the defective automatic braking system and that the left rear tractor wheel had grease leaking on the drum. There was insuffi-

cient evidence to submit the issue of assumption of risk to the jury. Miller v. George F. Cook Construction Co., 91 Ariz. 80, 370 P.2d 53; City of Tucson v. Holliday, 3 Ariz.App. 10, 411 P.2d 183; Merritt-Chapman & Scott Corporation v. Frazier, (9th Cir.) 289 F.2d 849, cert. den. 368 U.S. 835, 82 S.Ct. 60, 7 L.Ed.2d 36; Citizens Utilities Co. v. Firemen's Insurance Company, 73 Ariz. 299, 240 P.2d 869. It follows that the trial court did not err in denying the motion to amend the pleadings to conform to the evidence.

Defendant's final argument is that his motion for a directed verdict should have been granted because his liability for failing to warn of a defective product which he has sold does not extend to a person who knows or should know of the defective condition. This assignment is without merit.

Affirmed.

STRUCKMEYER, C. J., and UDALL, J., concur.