418 P.2d 378

**Florence SCHMIDT, surviving spouse of Frank J. Schmidt, deceased, individually and for and on Behalf of Gail Schmidt, surviving daughter of Frank J. Schmidt, deceased, Appellant,**

**v.**

**J. L. GIBBONS and Frances Gibbons, his wife, dba Arizona Cement Transportation Company, and William D. Eisele and Irene Eisele, his wife, Appellees.**

**No. 7181 P.R.**

Supreme Court of Arizona,
In Banc.

Sept. 28, 1966.

Rehearing Denied Oct. 25, 1966.

Belli, Ashe, Gerry & Ellison, San Francisco, Cal., Cordova, Goss & Mariscal, Phoenix, for appellant.

Fennemore, Craig, Allen & McClennen, Phoenix, for appellees.

American Trial Lawyers Association as amicus curiae.

LOCKWOOD, Justice.

This is a wrongful death action brought by the surviving spouse and daughter of Frank J. Schmidt, deceased. The cause of death was an automobile accident in which the decedent crashed into the rear end of a truck owned by the defendant (appellee herein) which was parked on the highway. Judgment was for the defendant and the plaintiff appealed. The Court of Appeals affirmed the trial court's judgment in 3 Ariz.App. 147, 412 P.2d 716, and we subsequently granted the petition for review.

The issues presented to this Court involve the determination of two questions. The first involves an allegedly erroneous instruction of the law of contributory negligence. The instruction given over plaintiff's objection is as follows:

> "I instruct you that the driver of an automobile at night is negligent if he collides with an object which he has failed to see, and which an ordinarily prudent driver, under like circumstances, would have seen and with reasonable care could have avoided.
>
> "If you find that plaintiff's decedent, Frank J. Schmidt, negligently failed to control his vehicle, and negligently failed to see the defendant's truck and trailer, and that this negligence proximately caused or proximately contributed to the cause of his death, *then the plaintiff is not entitled to recover*." (Emphasis supplied)

Plaintiff contends that this instruction violates the Arizona Constitution, Art. 18, § 5, A.R.S. which reads as follows:

> "The defense of contributory negligence or assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

The interpretation of this constitutional provision was considered in Layton v. Rocha, 90 Ariz. 369, 370, 368 P.2d 444, 445 (1962):

> "Even though the undisputed evidence shows that plaintiff's negligence did as a fact contribute to the injury the jury may find in favor of the plaintiff and this court cannot direct a new trial."

We further stated therein that a mandatory "must" instruction is in violation of the foregoing constitutional provision. We subsequently condemned instructions which directed the jury that if they found that the plaintiff was guilty of contributory

negligence and this negligence was a proximate cause of his injury *then*:

"You are instructed to find in favor of the defendants." Coyner Crop Dusters v. Marsh, 91 Ariz. 371, 374, 372 P.2d 708, 710 (1962).

"It is your sworn duty to return a verdict for the defendants." Coyner Crop Dusters v. Marsh, 91 Ariz. 371, 374, 372 P.2d 708, 710 (1962).

"[The plaintiff] may not recover from another for injury suffered." Trojanovich v. Marshall, 95 Ariz. 145, 146, 388 P.2d 149, 150 (1963).

"The plaintiff cannot recover in this case." Trojanovich v. Marshall, 95 Ariz. 145, 146, 388 P.2d 149, 150 (1963).

The instruction given in this case contained the phrase "the plaintiff is not entitled to recover." To entitle, defined by Webster, is "to give a right or legal title to." Webster's New Int'l., 2d ed., at 854. Thus, as the instruction stated that the plaintiff "is not entitled (has no legal right) to recover" upon a finding of contributory negligence, the jury is effectually bound to find for the defendant upon a finding of contributory negligence. Therefore, this instruction suffers from the same defect as those above condemned.

The plaintiff also contends that the trial judge erred in allowing Officer Raymond to testify that the plaintiff's decedent was traveling 86 miles per hour just before impact. Officer Raymond based his opinion upon the assumed fact that the plaintiff's decedent was going 60 miles per hour at the time of impact.

Officer Raymond testified on behalf of the defendant and was asked the following hypothetical question:

"I want you to further assume that at the end of this skid of 171 feet, or these skids of 171 feet, the Nash vehicle was still traveling at the rate of sixty miles per hour.

"Now based upon your education and training and experience and upon the hypothetical facts that I have just related to you, do you have an opinion as to the minimum speed at which the Nash automobile was traveling at the time it began its skid?

"A. Yes, I do.

"Q. Would you state your opinion, sir?

MR. O'DEA: "I object, your Honor, that hypothetical question does not include sufficient facts for the rendering of an opinion."

* * * * * *

"* * * there is no evidence in the record that the vehicle was going sixty miles an hour and at the end of that period of skidding no other speed was given at anything other than a guess."

* * * * * *

MR. UDALL: (continuing to examine)

"Q. What was your opinion as to the minimum speed at the beginning of the skid marks?

"A. Under those circumstances he would have had to do 86 miles an hour."

The witness, Kinder, who was qualified by the defense as an expert on judging speed of a vehicle at impact from the positions and condition of the vehicles following the collision, testified that the speed of the decedent's automobile at impact could have been forty, fifty, sixty, or seventy miles per hour. Subsequently he stated that "[I]t could have been going less than thirty. Nobody knows how fast it was going."

Hypothetical questions are proper so long as they are based on facts in evidence. Gilbert v. Quinet, 91 Ariz. 29, 369 P.2d 267 (1962); Bogard GMC Co. v. Henley, 2 Ariz.App. 223, 407 P.2d 412 (1965). The question here was improper since it failed to include all of the pertinent portions of the expert's testimony regarding speed (anywhere from thirty to seventy miles per hour).

The Court of Appeals opinion is hereby vacated and the judgment of the trial court

is hereby reversed and remanded for a new trial.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and McFARLAND, J., concur.

NOTE: The Honorable JESSE A. UDALL, Justice, did not participate in the determination of this case.