436 P.2d 906

**Gene A. DAVIS and Phyllis B. Davis, his wife, Appellants,**

v.

**Richard T. WATERS and Melba Mae Waters, his wife, Appellees.**

**No. 8376.**

Supreme Court of Arizona, In Division.

Jan. 24, 1968.

Filler & Paytas, Phoenix, for appellants.

O'Connor, Anderson, Westover, Killingsworth & Beshears, Phoenix, for appellees.

BERNSTEIN, Justice.

Appellants, plaintiffs below, Mr. and Mrs. Davis (hereinafter referred to as plaintiff), brought this action to recover for personal injuries sustained by Mrs. Davis while she was riding as a passenger in an automobile owned by appellees (hereinafter referred to as defendant), Mr. and Mrs. Waters, and driven by Mrs. Waters.

On the night before Thanksgiving, at approximately 7:30 P.M. November 22, 1961 Mrs. Davis and Mrs. Waters, pursuant to previous arrangements, met at Jay's Bar, 35th Avenue and Indian School in the City of Phoenix. While there the plaintiff, Mrs. Davis, drank a bottle of beer and the defendant, Mrs. Waters, drank two vodka and squirt highballs. At approximately 8:30 to 8:45 P.M. the ladies proceeded in defendant's car to the Hayloft Tavern located at 43rd and Glendale Avenues to check a ticket the plaintiff held on a turkey raffle. The parties remained at the Hayloft until approximately 9:45. During their stay there, Mrs. Davis and Mrs. Waters played a bowling machine, danced two dances with men they met in the place, and Mrs. Davis had two glasses of beer while Mrs. Waters had a glass of beer and a bottle of beer. The ladies had made plans to meet their husbands at 9:30 for dinner so when they left the Hayloft at 9:45 they were running late.

Mrs. Waters testified that she backed out of the parking lot and crossed Glendale Avenue to its most southerly lane in order to make a right turn onto 43rd Avenue, that she stopped for a red light at 43rd, then turned right on red into 43rd; that "quite soon" she noticed 43rd Avenue was dark, unlit, narrow and bumpy; that she was a little concerned about being late to meet her husband but that "I think I was driving, I thought I was driving careful, I imagine I was in a hurry," but that she didn't know how fast she was going.

The defendant further testified that she remarked to Mrs. Davis how bad the road was and that Mrs. Davis replied, "yes, * * * we better be careful". Shortly thereafter and at a point on 43rd Avenue approximately a mile and a half south of the Hayloft Mrs. Waters testified that she hit "a bump and my wheel went off the road * * * I tried to get the car back on the road * * * I went to the left * * * Then when I pulled it to the right again * * * it was swinging quite bad * * * and then I remember just the dirt

coming at me and that was the last I remember." The police officer who investigated the accident reported that the car rolled over approximately four times.

The jury returned a verdict against the plaintiff, Mrs. Davis, and after the denial of her motion for a new trial this appeal was perfected.

Various instructions given by the trial court are attacked by Mrs. Davis as erroneous. At the outset she contends that the trial court's granting of defendant's requested Instruction No. 14 was reversible error. That instruction clearly violated the Arizona Constitution Art. 18, § 5, A.R.S., which reads as follows:

"The defense of contributory negligence or assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

We interpreted this constitutional provision in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962) where we held that since the question of contributory negligence is for the jury a "must" instruction violates the jury's right to decide the issue. Defendant concedes that our decision in Layton v. Rocha, supra, is controlling on this point, but urges us to reconsider and overrule that decision. We are of the opinion that our decision in Layton v. Rocha, supra, was correct, adequately explained the reason for the rule, and are disposed neither to overrule nor to enlarge our decision in that case. Since the granting of this instruction was clearly reversible error this cause must be remanded for a new trial. However, the plaintiff raises another issue, the determination of which, we believe, may be important on a retrial of this case.

The plaintiff contends that the evidence was insufficient to support any instructions on assumption of risk. The record reveals that Mrs. Davis knew that the defendant, Mrs. Waters, had been drinking. The question, however, is whether Mrs. Davis knew Mrs. Waters was under the influence of intoxicating liquor. The plaintiff testified that the defendant was driving perfectly normal when they left the Hayloft. The pertinent testimony follows:

"Q Now at the time that you left the Hayloft, how did you feel physically?

"A I was perfectly normal. I was fine.

"Q Did you feel under the influence of the drinks that you had?

"A No, I was not.

"Q How did Mrs. Waters appear to you?

"A Well, she appeared all right to me. She didn't act any different than she ordinarily did.

"Q Was she staggering around there or anything?

"A No, she wasn't.

"Q Did she talk in any manner other than normal?

"A No, she was normal as she always was. I mean she wasn't staggering, and she didn't seem intoxicated to me."

The defendant, however, testified as follows:

"Q Physically how did you feel from the drinks that you had had?

"A Well, *I felt in a good mood.*

"Q Did you feel intoxicated?

"A *Well, by 'intoxicated,' do you mean did I feel real drunk? I didn't feel real drunk, no.*

"Q Did you feel drunk at all?

"A Well, I didn't feel staggery or anything like that. *I was happy; I mean, I was in a good mood,* but having a good time.

"Q Were you in a good mood from the drinks or just generally in a good mood?

"A Well, *drinks had something to do with it cause I was pretty tired when I got off from work, and I was beginning to feel pretty good,* but I wasn't, I didn't feel like I was staggery drunk or anything like that. I mean, they didn't affect me in the way I couldn't walk good or anything." (Emphasis added.)

This raises the issue whether the mere fact of drinking can be a basis for applying the defense of assumption of risk to bar the plaintiff's recovery. We believe it does not follow that merely because a person has been drinking alcoholic beverage that the person was driving under the influence of intoxicating liquor. Noland v. Wootan, 102 Ariz. 192, 427 P.2d 143 (1967); State v. Duguid, 50 Ariz. 276, 72 P.2d 435 (1937); Steffani v. State, 45 Ariz. 210, 42 P.2d 615 (1935). In Noland v. Wootan, supra, we restated the rule in this state that a person is driving under the influence of intoxicants if his control of his vehicle is to the *slightest degree affected* by his consumption of the intoxicant.

In the instant case the defendant testified that she "was beginning to feel pretty good", and further that she "didn't feel *real* drunk." (Emphasis added.) From this testimony, together with evidence of the number of drinks consumed by the defendant in the plaintiff's presence, the jury might well draw an inference that defendant was under the influence of intoxicants, and that it affected her control of the vehicle. Merely because the plaintiff denies that she knew the defendant was under the influence of intoxicants does not deprive the defendant of the defense of assumption of risk.

"In cases of assumption of risk * * * the plaintiff's own testimony as to what he knew, understood, or appreciated, is not necessarily conclusive. There are some risks as to which no adult will be *believed* if he says that he did not know or understand them." Restatement (Second) Torts § 496(D), Comment (d). (Emphasis added.)

We believe there is sufficient evidence in the record to create a question of fact for the jury as to whether the defendant was intoxicated to such an extent that the risk of being a guest in her car was an obvious danger. It would then be the jury's prerogative to decide whether to believe the plaintiff's disavowal of any knowledge of the risk. See Ariz.Const. Art. 18, § 5; Nichols v. Baker, 101 Ariz. 151, 416 P.2d 584 (1966); Miller v. George F. Cook Construction Co., 91 Ariz. 80, 370 P.2d 53 (1962). Consequently the trial court did not commit error when it granted an instruction on assumption of risk.

Reversed and remanded.

STRUCKMEYER and LOCKWOOD, JJ., concur.