439 P.2d 818

Gerald BRYANT, by his Guardian ad Litem, William L. McClain, Appellant,

v.

THUNDERBIRD ACADEMY, Appellee.

No. 8389.

Supreme Court of Arizona, In Division.

April 17, 1968.

Rehearing Denied May 14, 1968.

Hughes & Hughes, Phoenix, for appellant.

O'Connor, Anderson, Westover, Killingsworth & Beshears, Phoenix, for appellee.

STRUCKMEYER, Justice.

This action was brought by Gerald Bryant against the Thunderbird Academy, a corporation, to recover damages for personal injuries suffered in a fall from a tree. The jury returned a verdict in favor of the defendant-Academy, and Bryant has appealed.

The Academy is a school run by the religious association known as Seventh-Day Adventists. Bryant, who was sixteen years of age at the time of the fall, was a resident student at the Academy. The Academy sponsored a "Boys' Club" to which all of the students belonged. It had certain projects to raise money, one of these being to gather pecans from a grove owned by a friendly farmer. Walter Marshall, who was dean of boys, was supervisor of the boys' club.

On the day of the accident, Bryant was in the dormitory when Marshall came through and told Bryant to come along to pick pecans. Marshall testified that he did not actually "request" Bryant to come along, but that usually he would go through the dormitory to find out if there were any one who would go out and work. He also testified that discipline at the school was strong and that a boy could be expelled if he repeatedly failed to obey orders.

Bryant testified that after most of the pecans had been gathered from the ground, Marshall told him to go up and shake down some more from the trees. He climbed a tree and was shaking a branch with his right hand, his foot in a crotch formed by

the branch, when it broke and he fell. He testified:

"Q And I understand you were. standing in the crotch of a limb?

"A Yes, sir.

"Q And where were your hands?

"A Well, my right hand was on the branch I was shaking, and my left hand was holding on to another branch.

"Q And which branch broke?

"A The one with my right hand. The pressure of my foot on it—I was shaking it like this, and it snapped and I went down.

\* \* \* \* \* \*

"A I had my foot right here and then my right hand here, and I was shaking with my right hand, and the foot snapped this branch where I was shaking like that. (Indicating)

"Q Can you tell the jury the size of that branch?

"A Well, about like that, I guess (Indicating). I don't know how many inches it would be."

Bryant complains that this testimony was not sufficient evidence of contributory negligence to justify its submission as an issue to the jury by the trial court.

██ In considering the testimony, it is first to be observed that many activities are intrinsically more dangerous than others. Climbing trees is one of these. But these activities can be carried on in reasonable safety if performed in a prudent manner— the test being whether in the light of existing dangers one is exercising ordinary care for his own safety. Western Constructors, Inc. v. Southern Pacific Co., 9 Cir., 381 F.2d 573. Here, it is possible that the limb was of such a size that Bryant ought not to have trusted it to sustain his weight. Hence the jury could have believed that his conduct under the circumstances was not that of a reasonable prudent person exercising ordinary care for his own safety.

██ The quoted testimony discloses that Bryant indicated to the court and jury the size of the branch on which he stood. The size is not a part of the record before us. This is a crucial fact which might have compelled the trial judge to submit the issue of Bryant's negligence to the jury. But it is not a fact which we can review. In the absence of the record, an appellate court will presume that the evidence at a trial was sufficient to sustain a finding, the verdict, or a charge to the jury, see Hughes v. Young, 58 Ariz. 349, 120 P.2d 396, 138 A.L.R. 943; State v. Barnum, 58 Ariz. 221, 118 P.2d 1097; Frederickson v. McIntyre, 52 Ariz. 61, 78 P.2d 1124; Stewart v. Mansfield, 41 Ariz. 174, 16 P.2d 967.

██ The foregoing rule is applicable here. So, while it was defendant's burden to establish contributory negligence, Alires v. Southern Pacific Co., 93 Ariz. 97, 378 P. 2d 913, and while it was not sufficient to show that contributory negligence might have existed, Seiler v. Whiting, 52 Ariz. 542, 84 P.2d 452, 5 A.L.R.3d 27 n, lacking evidence of the size of the limb, we are compelled to presume that the jury could reasonably conclude that Bryant was negligent in placing his weight on it.

██ Bryant complains of the submission to the jury of the doctrine of assumed risk. He argues that the doctrine is based upon voluntary exposure to danger and is applicable only in cases where the injured person might reasonably elect whether he should expose himself to the peril. It is asserted that Bryant did not have a freedom of choice in that he was required by Marshall to climb the tree. But we think this argument flies wide of the mark.

The risk here is not that of climbing trees for, as stated, trees can be safely climbed if due care is used. Assuming that Bryant was compelled to climb this tree, there is no evidence that he was compelled to stand upon this particular limb in the particular fashion as he did. The risk assumed was that the particular limb on which he was standing was capable of bearing his weight.

To invoke the doctrine of assumed or incurred risk, it is essential that the risk or danger shall have been known to and appre-

ciated by plaintiff or that it shall have been so obvious that it must be taken to have been known or comprehended. Miller v. George F. Cook Construction Co., 91 Ariz. 80, 370 P.2d 53; Lunsford v. Tucson Aviation Corp., 73 Ariz. 277, 240 P.2d 545, 73 A. L.R.2d 358 n, 382 n. The trial judge could have concluded that Bryant voluntarily exposed himself to falling by standing upon an unsafe limb and that the risk should have been so obvious that it must be taken to have been known and comprehended.

■■ Bryant further complains of the trial court's refusal to give certain requested instructions. His requested instruction No. 5 advised the jury that a teacher stood, in a limited sense, as one "in loco parentis". The instruction is, as an abstract proposition of law, correct. We do not think, however, that the refusal of this instruction prejudiced Bryant's case. It was Marshall's duty to exercise ordinary care for the safety of those placed in his charge. The jury was fully and adequately instructed to this effect.

■ Bryant complains of the refusal to give his requested instruction No. 10 to the effect that it was the duty of the school officials to supervise at all times the conduct of the children in their care and if the Academy failed to use ordinary care in this respect, the jury could find for Bryant. The legal consequences arising out of this instruction were, in substance, covered by other instructions which were given.

■ Plaintiff complains of the failure to give his requested instructions Nos. 12 and 12a. Both of these requested instructions are quotations from the Arizona Revised Statutes relative to the responsibility of pupils and teachers in public schools. We express some doubt whether they are applicable to private schools; but even assuming that they do have application, we fail to see what relevancy they have to the determination of this case. For example, Bryant requested that the court instruct the jury from A.R.S. § 15–201 that every teacher shall "hold pupils to strict account for disorderly conduct on the way to and from school" and "exercise supervision over pupils on playgrounds and during recess."

Similarly, the reading of A.R.S. § 15–305 would seem to be without any particular relevancy. The requested portion of that statute was to the effect that pupils shall submit to the authority of teachers and continuing in open defiance of authority constitutes good cause for expulsion.

Finding no reversible error the judgment of the court below is affirmed.

Judgment affirmed.

UDALL, V. C. J., and BERNSTEIN, J., concur.