477 P.2d 763

**Cornelius CHAVEZ, Appellant,**

**v.**

**PIMA COUNTY, a body politic, Appellee.**

**No. 2 CA–CIV 751.**

Court of Appeals of Arizona,
Division 2.

Dec. 15, 1970.

Rehearing Denied Jan. 28, 1971.

Review Granted March 2, 1971.

478

Davis & Eppstein by Thomas J. Davis, Tucson, for appellant.

Johnson, Darrow, Hayes & Morales by J. Mercer Johnson, Tucson, for appellee.

HOWARD, Chief Judge.

This is a negligence action against Pima County, Arizona arising from an accident in which plaintiff sustained personal injuries.

Plaintiff appeals the judgment entered on an adverse jury verdict in the Superior Court and denial of a motion for new trial.

Briefly, the facts are that on March 14, 1967, at approximately 2:00 a. m., the plaintiff, Cornelius Chavez, while returning home from a trip, was travelling south on Swan Road between Skyline Drive and River Road in Pima County. The evidence adduced showed plaintiff was driving at or very near the legal posted speed limit.

At one point on this stretch of road, the roadway becomes divided for a short distance. A sign warning of the divided highway is located 300 feet before the division. At the north end of the division was a sign three feet high bearing the words "Keep Right" which was anchored in an 8,000 pound concrete abutment. As plaintiff proceeded in a southerly direction, his car collided with the abutment and he was seriously injured. There were no skid marks. Had the concrete block not been

there, plaintiff would have run over the "Keep Right" sign. Plaintiff does not remember what happened between the time he turned on to Swan Road and waking up in the hospital.

Plaintiff's contention at trial was that the County was negligent in maintaining its roadway in that the abutment was not properly marked nor were there adequate warnings of the danger posed by the divider. Defendant claimed plaintiff had driven the road before, knew of the danger and assumed the risk.

## ASSUMPTION OF RISK

Plaintiff challenges both the propriety of giving an instruction on assumption of risk and also the format of the instruction which was given. We believe his challenges are well taken.

In City of Tucson v. Holliday, 3 Ariz. App. 10, 411 P.2d 183 (1966) we followed the Restatement (Second) of Torts § 496C which provides in part:

" * * * a plaintiff who fully understands a risk of harm to himself or his things caused by the defendant's conduct or by the condition of the defendant's land or chattels, and who nevertheless voluntarily chooses to enter or remain, * * * within the area of that risk, *under circumstances that manifest his willingness to accept it*, is not entitled to recover for harm within that risk." (Emphasis added)

Comment h, under this section provides:

"h. Manifestation of acceptance. The basis of assumption of risk is consent to accept the risk. *In order for assumption of risk to be implied from the defendant's conduct, it must be such as fairly to indicate that the plaintiff is willing to take his chances. Implied consent is consent which exists in fact, but is manifested by conduct rather than by words.* It is not every voluntary encountering of a known and understood danger which is reasonably to be interpreted even as evidence of actual consent. A plaintiff, for example, who dashes into the street in the middle of the block, in the path of a stream of cars driven in excess of the speed limit, certainly does not manifest consent that they shall be relieved of the obligation of care for his safety. This is merely contributory negligence, and not assumption of risk.

"*Since the interpretation of conduct is seldom so clearly indicated that reasonable men could not differ as to the conclusion, it is ordinarily a question for the jury whether what the plaintiff has done is a manifestation of willingness to accept the risk.*" (Emphasis added)

The question before the trial court was to determine whether there was substantial evidence from which the jury might have concluded that Mr. Chavez, when he saw or should have appreciated [1] such an obvious danger as the sign "Keep Right" anchored on an 8,000 pound concrete block three feet high, was willing to run into the cement block, take his chances and thereby agree to relieve the defendant from liability for any of its negligence. The mere posing of the question suggests the answer. Although the actions of the plaintiff strongly suggest negligence, it is beyond belief that one would voluntarily and deliberately take such a risk unless he were bent on committing suicide, an inference not shown by the evidence.

At times the line of demarcation between contributory negligence and assumption of risk is difficult to define. A generally safe rule to follow is that the latter involves a choice made deliberately and negatives liability on the part of the defendant. Byers v. Gunn, 81 So.2d 723 (Fla.1955); Bohnsack v. Driftmier, 243 Iowa 383, 52 N.W.2d 79 (1952); Edwards v. Kirk, 227 Iowa 684, 288 N.W. 875

---

1. We pointed out in City of Tucson v. Holliday, supra, that the use of the term "should have appreciated" is not a departure from the subjective standard in the law of assumption of risk, but merely means that if the danger is open and obvious, one will not be heard to say that he did not appreciate it.

(1939); Ferguson v. Jongsma, 10 Utah 2d 179, 350 P.2d 404 (1960). Whenever a person does anything dangerous he encounters a risk but this does not necessarily mean legally that he assumes the risk. Byers v. Gunn, supra.

As stated in Restatement (Second) of Torts § 496C, comment h, since the interpretation of conduct is seldom so clearly indicated that reasonable men could not differ as to the conclusion, it is ordinarily a question for the jury whether what the plaintiff has done is a manifestation of willingness to accept the risk. However, such is not the situation in this case. There was no evidence in the record from which a reasonable man could find that the plaintiff assumed the risk and it was error to submit this issue to the jury. Cf. Sax v. Kopelman, 96 Ariz. 394, 396 P.2d 17 (1964); Zakroff v. May, 8 Ariz.App. 101, 443 P.2d 916 (1968).

Assuming arguendo that an assumption of risk instruction was proper, we find that the one given by the court was prejudicially erroneous. The court, over plaintiff's objection, instructed:

"We have a legal principle commonly referred to by the term 'assumption or risk.' It will now be explained to you.

A person is said to assume a risk when he knows that a danger exists in the condition, use or operation of property and voluntarily places himself within the area of danger. A person who thus assumes a risk *is not entitled to recover* for damages caused him which resulted from the dangerous condition to which he thus exposed himself." (Emphasis added)

In Schmidt v. Gibbons, 101 Ariz. 222, 418 P.2d 378 (1966) the court, in connection with a contributory negligence instruction, held that the phrase "the plaintiff is not entitled to recover" binds the jury to return a verdict against the plaintiff and thus violates the Arizona Constitution, Article 18, Section 5, A.R.S., which states:

"The defense of contributory negligence or of *assumption of risk* shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." (Emphasis added)

The interpretation of this constitutional provision was considered in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962). The constitutional provision treats the defenses of contributory negligence and assumption of risk on equal footing. The reasoning of Layton v. Rocha, supra, also applies to the defense of assumption of risk. Even though the undisputed evidence may show that plaintiff assumed the risk and such assumption of risk was a proximate cause of the plaintiff's injuries, the jury may find in favor of the plaintiff.

Defendant claims the Arizona Supreme Court in Wells v. Tanner Brothers Contracting Company, 103 Ariz. 217, 439 P.2d 489 (1968) and Davis v. Waters, 103 Ariz. 87, 436 P.2d 906 (1968) approved instructions very similar to the one granted in this case. After examining these cases, we feel the Supreme Court was not called upon to examine the language of the instructions per se but rather to pass on whether or not there should have been an instruction given.

## NEGLIGENCE PER SE

Plaintiff claims the court erred in failing to instruct the jury that the defendant would be guilty of negligence per se by failing to follow the Uniform Traffic Control Device Manual in the placing of the "Divided Highway" sign and marking of the concrete block and near-by roadway.

A.R.S. § 28–641 provides that the State Highway Commission shall:

" * * * adopt a manual and specifications for a uniform system of traffic-control devices consistent with the provisions of this chapter for use upon highways within this state. The uniform system shall correlate with and so far as possible conform to the system then current as approved by the American As-

sociation of State Highway Officials." A.R.S. § 28–642 then states:

"A. The commission shall place and maintain such traffic-control devices, conforming to its manual and specifications, upon all state highways *as it deems necessary* to indicate and to carry out the provisions of this chapter or to regulate, warn or guide traffic." (Emphasis added)

In 1962, the Arizona State Highway Commission adopted the Uniform Traffic Control Device Manual as the official manual to be used by it under the above statutes.

Plaintiff sets out A.R.S. § 28–643 which states:

"Local authorities in their respective jurisdictions shall place and maintain such traffic-control devices upon highways under their jurisdiction *as they deem necessary* to indicate and to carry out the provisions of this chapter or local traffic ordinances or to regulate, warn or guide traffic. All traffic-control devices erected shall conform to the state manual and specifications." (Emphasis added)

 A.R.S. § 28–643 gives local authorities discretion in the placing of traffic control devices. The placing of warning devices which the plaintiff claims defendant failed to install are discretionary with the County and therefore are not the subject of a negligence per se instruction. Plaintiff claims that since the statute states: "All traffic control devices erected shall conform to the state manual and specifications", the "Divided Highway" sign, having been erected, was improperly placed. He cites the Manual wherein it states:

" 'In rural areas warning signs should normally be placed about 750 feet in advance of the hazard or condition warned of. * * *' "

Plaintiff contends the area in question was rural in nature and that since the "Divided Highway" sign was 300 feet from the actual divided condition, this was negligence per se. Again, we must disagree. The language "should normally" is not mandatory and cannot support such an instruction.

Plaintiff claims other error in the giving or failure to give instructions. We have examined his contentions and find that the claimed errors have no merit.

Reversed and remanded for new trial.

KRUCKER and HATHAWAY, JJ., concur.