488 P.2d 978

**Cornelius CHAVEZ, Appellant,**

v.

**PIMA COUNTY, a body politic, Appellee.**

**No. 10394–PR.**

Supreme Court of Arizona,
In Banc.
Sept. 23, 1971.

Rehearing Denied Oct. 13, 1971.

Davis & Eppstein, by Thomas J. Davis, Tucson, for appellant.

Johnson, Darrow, Hayes & Morales, by J. Mercer Johnson, Tucson, for appellee.

UDALL, Justice:

This action was brought in the Superior Court for Pima County by plaintiff, Cornelius Chavez, against Pima County, a body politic, seeking damages for personal injuries sustained by plaintiff when his automobile collided with a concrete abutment erected and maintained by defendant, Pima County, on a county highway. From a jury verdict in favor of the defendant and judgment entered thereon, plaintiff appealed. The Court of Appeals, having found fundamental error, reversed and remanded this case to the Superior Court for a new trial. We accepted review. Opinion of the Court of Appeals, 13 Ariz.App. 477, 477 P.2d 763 (1970), is hereby vacated.

Plaintiff, on March 14, 1967, at approximately 2:00 A.M. was returning to his home in Tucson from Gallup, New Mexico. He was driving south on Swan Road, a highway constructed, maintained and con-

trolled by the defendant, when his automobile struck a concrete abutment located at the north end of a divider. Testimony introduced at trial indicated that Swan Road had, several months prior thereto, been "seal coated" (covered with a form of liquid asphalt), thereby obliterating the painted center line and diagonal lines channeling traffic away from the abutment. Photographs taken shortly after the accident occurred, and admitted into evidence, clearly substantiated plaintiff's contention that the painted center and diagonal lines had been obliterated by the "seal coating" and were, in fact, nonexistent at the time of the accident.

A "Divided Highway" sign and a smaller sign, placed on the abutment itself, were the only forms of advance warning given travellers of the hazard to be encountered. Plaintiff's expert witnesses testified that according to well-established traffic engineering practice and the Uniform Traffic-Control Device Manual the "Divided Highway" sign should have been located approximately 750 feet in advance of the abutment, and not 300 feet as in the instant case [R.T. 294, 631–633]; and that the roadway should have been marked with a center line and diagonal lines channeling traffic away from the abutment [T.R. 292–297, 521].

Plaintiff's complaint alleges that the defendant breached its duty to plaintiff as a member of the public lawfully using the county road by negligently and carelessly failing to maintain the roadway, in the vicinity of the abutment, in a safe condition, and by negligently permitting the concrete abutment to be placed at the northern end of the divider without having first adequately lighted and/or marked the roadway approaching the abutment so as to properly warn oncoming traffic of the presence of said abutment. Plaintiff maintains that as a direct and proximate result of defendant's negligence he has sustained permanent and disabling injuries.

Defendant, on the other hand, denies having been negligent and asserts that since plaintiff had travelled over this portion of Swan Road on numerous occasions he knew or should have known of the presence of the abutment and did, therefore, assume the risk.

## ASSUMPTION OF RISK

Plaintiff, on appeal, challenges the propriety of the trial court's instruction to the jury as to plaintiff's assumption of risk as well as the substantive content of that instruction. The Court of Appeals found plaintiff's contention, on both counts, to be meritorious. We agree. The instruction on assumption of risk should not have been given. Instructions must be based on some theory supportable by the evidence in the case. State v. Bray, 106 Ariz. 185, 472 P.2d 54 (1970); City of Tucson v. Wondergem, 105 Ariz. 429, 466 P.2d 383 (1970). While the evidence disclosed that plaintiff had driven that particular stretch of road in the past, we cannot assume that plaintiff was aware of the concrete abutment and, nevertheless, voluntarily undertook to collide with it. For a person to assume the risk of harm to himself, he must have known of the facts or circumstances creating the danger or hazard, he must have comprehended and fully appreciated the consequences of his act and he must have voluntarily exposed himself thereto. Bryant v. Thunderbird Academy, 103 Ariz. 247, 439 P.2d 818 (1968); Miller v. George F. Cook Construction Co., 91 Ariz. 80, 370 P.2d 53 (1962). Plaintiff's failure to know the facts or circumstances constituting the hazard or to fully appreciate and comprehend the consequences of his act is not properly a matter of assumption of risk but, rather, a matter of contributory negligence.

"RESTATEMENT (SECOND) OF TORTS, § 496 D (1965)
Knowledge and Appreciation of Risk

Except where he expressly so agrees, a plaintiff does not assume a risk of harm arising from the defendant's conduct unless he then knows of the exist-

ence of the risk and appreciates its unreasonable character.

\*   \*   \*   \*   \*   \*

Comment:

b. The basis of assumption of risk is the plaintiff's consent to accept the risk and look out for himself. Therefore he will not be found, in the absence of an express agreement which is clearly so to be construed, to assume any risk unless he has knowledge of its existence. *This means that he must not only be aware of the facts which create the danger, but must also appreciate the danger itself and the nature, character, and extent which makes it unreasonable.* Thus the condition of premises upon which he enters may be quite apparent to him, but the danger arising from the condition may be neither known nor apparent, or, if known or apparent at all, it may appear to him to be so slight as to be negligible. In such a case the plaintiff does not assume the risk. *His failure to exercise due care either to discover or to understand the danger is not properly a matter of assumption of risk, but of the defense of contributory negligence.*

c. The standard to be applied is a subjective one, of what the particular plaintiff in fact sees, knows, understands and appreciates. In this it differs from the objective standard which is applied to contributory negligence. (See §§ 464, 289, and 290.)" [Emphasis added]

■ Relative to the substantive content of the instruction given to the jury, we find that the instruction, as given, constituted fundamental error. The trial court, in its instruction on assumption of risk, stated that "a person who thus assumes a risk *is not entitled to recover* \* \* \*." In Schmidt v. Gibbons, 101 Ariz. 222, 418 P.2d 378 (1966), this Court considered an instruction dealing with contributory negligence which stated, in effect, that if the plaintiff's decedent were negligent and "this negligence proximately caused or proximately contributed to the

cause of his death, *then the plaintiff is not entitled to recover*." 101 Ariz. 222 at 223, 418 P.2d 378 at 379 (1966). We held this instruction to be in violation of Article 18, Section 5 of the Arizona Constitution, A. R.S. This constitutional provision is fully discussed in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962); and Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970), wherein we held that under Article 18, Section 5, the trial court cannot direct a verdict even though the plaintiff's contributory negligence [or assumption of risk] is undisputed, and the trial court must not, directly or indirectly, instruct the jury that it must return a verdict compatible with the instruction given on contributory negligence [or assumption of risk].

In Schmidt v. Gibbons, supra, we held that the "is not entitled to recover" form of instruction, with regard to contributory negligence, was fundamentally defective, stating:

"[1] The instruction given in this case contained the phrase 'the plaintiff is not entitled to recover.' To entitle, defined by Webster, is 'to give a right or legal title to.' Webster's New Int'l., 2d ed., at 854. Thus, as the instruction stated that the plaintiff 'is not entitled (has no legal right) to recover' upon a finding of contributory negligence, the jury is effectually bound to find for the defendant upon a finding of contributory negligence. Therefore, this instruction suffers from the same defect as those above condemned." 101 Ariz. 222 at 224, 418 P.2d 378 at 380.

Article 18, Section 5 draws no distinction between contributory negligence and assumption of risk. They stand on an equal footing and the rules applying to one, therefore, necessarily apply to the other. We hold that the "is not entitled to recover" form of instruction is erroneous and prejudicial as applied to contributory negligence as well as to assumption of risk.

Defendant refers us to Davis v. Waters, 103 Ariz. 87, 436 P.2d 906 (1968), and Wells v. Tanner Brothers Contracting Co.,

103 Ariz. 217, 439 P.2d 489 (1968), in support of the instruction given. While the instructions given in the above-cited cases may have been similar in content, the propriety of the substantive content itself was never placed in issue. The sole question involved in both cases was whether the trial court properly submitted an instruction on assumption of risk to the jury. The following paragraphs taken from the above-cited cases, clearly dispose of defendant's contention.

> "[6, 7] We believe there is sufficient evidence in the record to create a question of fact for the jury as to whether the defendant was intoxicated to such an extent that the risk of being a guest in her car was an obvious danger. It would then be the jury's prerogative to decide whether to believe the plaintiff's disavowal of any knowledge of the risk. See Ariz.Const. Art. 18, § 5; Nichols v. Baker, 101 Ariz. 151, 416 P.2d 584 (1966); Miller v. George F. Cook Construction Co., 91 Ariz. 80, 370 P.2d 53 (1962). *Consequently the trial court did not commit error when it granted an instruction on assumption of risk.*" [Emphasis added] Davis v. Waters, 103 Ariz. 87 at 90, 436 P.2d 906 at 909.

And in Wells v. Tanner Brothers Contracting Co., supra, we stated:

> "[14] *The same observation can be made with respect to the contention that appellee's instruction No. 22 was improperly given* by the trial court. This instruction explained the concept of assumption of risk to the jury. It read as follows:

> 'A person is said to assume a risk when he knows that a danger exists in the condition, use or operation of property and voluntarily places himself within the area of danger. A person who thus assumes a risk *is not entitled* to recover for damage caused him which resulted from the dangerous condition to which he thus exposed himself.'

Again we point out that the jury could have found that Mr. Wells was aware of the gravel pile by drawing an inference from the testimony of appellee's witness that the windrow was visible. *Consequently, an instruction on assumption of risk was proper.*" (Emphasis added) 103 Ariz. 217 at 224, 439 P.2d 489 at 496.

## NEGLIGENCE PER SE

■ It is our opinion that the trial court properly refused to instruct the jury that the "defendant would be guilty of negligence per se by failing to follow the Uniform Traffic-Control Device Manual" for the reasons stated in Conner v. State, 7 Ariz.App. 139 at 143, 436 P.2d 917 at 921 (1968):

> "We see a basic distinction between a statute or ordinance making it a crime to violate certain specific standards established for the safety of the public and a statute requiring an agency of the state to erect such signs as this agency 'deems necessary.' A statute of the latter type does not in our opinion lay down a firm line of demarcation so that all who cross that line are to be deemed guilty of violating a minimum standard."

## FURTHER ERROR IN INSTRUCTIONS GIVEN TO THE JURY

With the exceptions mentioned and discussed above, we find no error to have been made by the trial court in submitting or refusing to submit certain disputed instructions to the jury.

## TRIAL COURT'S RESTRICTION OF CROSS-EXAMINATION OF WITNESSES

■ Plaintiff contends that the trial court committed prejudicial error in overly restricting plaintiff's attorney in cross-examining witnesses on relevant portions of the Uniform Traffic-Control Device Manual after the Manual had already been admitted into evidence as Plaintiff's Exhibit No. 30. Rule 43(g), Rules of Civil

Procedure, 16 A.R.S., provides that witnesses may be cross-examined on any matter material to the action. Since the Manual had already been admitted into evidence, plaintiff's attorney should have been allowed to fully cross-examine the witnesses as to any relevant portions thereof.

## ADMISSIBILITY OF TESTIMONY FOR PURPOSES OF IMPEACHMENT

Plaintiff testified on direct examination (R.T. at 33) and on cross-examination (R.T. at 734) that he was, at the time of trial, using crutches because of a hip injury he had sustained after falling down several stairs while at a cocktail party, held at the Maxwell House in Show Low, Arizona on January 11, 1969; and that his present use of crutches was not directly related to the accident for which the present suit was instituted.

In rebutting plaintiff's account of the events surrounding the hip injury, defense counsel called several witnesses who had been present at the cocktail party when plaintiff injured his hip. The witnesses' testimony thoroughly discredited plaintiff's story that he had injured his hip by falling down several stairs. Jerry Inman, one of the witnesses called, testified that plaintiff and one James Powell had become embroiled in a "heated argument", that he approached the two men, walked up between them, and attempted to take plaintiff aside when Mr. Powell:

"* * * lashed out with either the right or the left; I don't recall which, and he hit somebody over my shoulder.

Q. Did you see somebody go down?

A. Yes, when I looked back, Mr. Chavez was laying on the floor near the cigarette machine." (R.T. at 762)

▆▆ Plaintiff now contends that the trial court erred to his prejudice in allowing such testimony into evidence over his counsel's objections since this testimony introduced issues collateral to the issues of this case. Under the circumstances of this case we cannot agree. Assuming the testimony to have been collateral to the issues involved here, it is well-established in Arizona that where counsel has himself injected a certain issue into the case, be it collateral or otherwise, he may not object because the other party also introduces evidence of a similar nature. State v. Eisenstein, 72 Ariz. 320, 235 P.2d 1011 (1951); Tucker v. Reil, 51 Ariz. 357, 77 P.2d 203 (1938). One may not invite error at trial and then assign it as error on appeal. Hightower v. State of Arizona, 62 Ariz. 351, 158 P.2d 156 (1945); See also State v. Maggard, 104 Ariz. 462, 455 P.2d 259 (1969); Udall, Arizona Law of Evidence § 11; State v. Vidalez, 89 Ariz. 215, 360 P.2d 224 (1961). Where, as here, plaintiff has tendered the issue, the defendant has a right to meet it.

▆▆ Plaintiff further contends that the trial court erred in allowing defendant's witnesses, over plaintiff's counsel's objections, to testify that plaintiff had danced with several people at the party in Show Low. This contention we find to be wholly devoid of merit in light of the fact that plaintiff testified during trial that as a direct result of injuries sustained in colliding with the abutment, he was no longer able to participate to any extent in various recreational activities, including dancing. Rebuttal of this testimony was clearly permissible. Whether plaintiff was able to dance and did, in fact, dance was relevant, material and directly in issue since this fact, if true, was naturally to be considered by the jury in awarding damages. We find no error here.

For the reasons advanced above, i. e., fundamental error in instructing the jury as to plaintiff's assumption of risk and the substantive content of that instruction, we hereby reverse and remand this case for a new trial not inconsistent with this opinion.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.