[Civil No. 707.   Filed March 28, 1900.]

[60 Pac. 696.]

CHARLES GOLDMAN, Administrator of the Estate of M.
Wormser, Deceased, Defendant and Appellant, v.
PEDRO SOTELO, Plaintiff and Appellee.

1. CONTRACTS—SUITS BY OR AGAINST ADMINISTRATORS, ETC.—WITNESSES
—COMPETENCY—PAR. 1865, REV. STATS. ARIZ. 1887, CONSTRUED.—
The statute, *supra,* provides that "In an action by or against ex-
ecutors, administrators or guardians, in which judgment may be
rendered for or against them as such, neither party shall be allowed
to testify against the others as to any transaction with, or state-
ment by, the testator, intestate, or ward, unless called to testify
thereto by the opposite party or required to testify thereto by the
court." *Held,* that this statute leaves the competency of either
party's testimony regarding such transaction to the sound discretion
of the court, and no abuse of discretion is apparent in allowing
plaintiff to testify to an oral contract with defendant's decedent
when two other witnesses testified to the same facts.

2. APPEAL AND ERROR—VERDICT—CONFLICT OF EVIDENCE—NEW TRIAL
WILL NOT BE GRANTED.—The appellate court will not grant a new
trial on the ground that the verdict is contrary to the evidence,
when the testimony is conflicting, and there is any evidence to
support the verdict.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
Webster Street, Judge.   Affirmed.

The facts are stated in the opinion.

Baker & Bennett, for Appellant.

The purpose and object of the statute (sec. 1865) is to place
the plaintiff and the estate of Wormser on exactly the same
footing.   That, as Wormser cannot deny the plaintiff's ver-
sion of statements and transactions between the plaintiff and
the deceased, the plaintiff shall not testify in regard thereto,
or, as some of the cases put it, "The mouth of one party
being closed by death, the mouth of the other is closed by
law." *Peck* v. *McKean,* 45 Iowa, 18; *Wilson* v. *Wilson,* 52
Iowa, 44, 2 N. W. 615; *Ballinger* v. *Conneble,* 100 Iowa, 121,
69 N. W. 438; *Newton's Ex.* v. *Field,* 98 Ky. 186, 32 S. W.
623.

Jerry Millay, and Paul R. Frost, for Appellee.

Section 1865 sanctions the admission of the surviving party's testimony ''when called to testify thereto, by the opposite party, or required to testify thereto by the court.'' This leaves the question in the sound discretion of the court, and therefore is not the subject of error, in the absence of a gross abuse of discretion on the part of the court.

The rule in its strictest application only excludes the testimony of a ''party,'' and where, as in this case, the transactions were testified to by third parties, it was not an abuse of discretion for the court to require the party himself to testify in regard thereto. *Starrett* v. *Burkhalter,* 68 Ind. 439; *Cochran* v. *Langmaid,* 60 N. H. 571; *Page* v. *Whidden,* 59 N. H. 511; *Pratt* v. *Elkins,* 80 N. Y. 198; *McKay* v. *Riley,* 135 Ill. 590, 26 N. E. 525; Rev. Stats. Ariz., par. 673; *La Duke* v. *Township of Exeter,* 97 Mich. 450, 37 Am. St. Rep. 357, 56 N. W. 851; *Miller* v. *James,* 86 Iowa, 243, 53 N. W. 227; *Smith's Appeal,* 52 Mich. 419, 18 N. W. 195; *Walker* v. *Hill's Exs.,* 22 N. J. Eq. 517; *Harvey* v. *Hillard,* 47 N. H. 553.

DAVIS, J.—The plaintiff, Pedro Sotelo, brought suit in the court below against Charles Goldman, as administrator of the estate of M. Wormser, deceased, to recover for labor and services, under the terms of an express contract alleged to have been made by him with the said Wormser in his lifetime. The cause was tried before a jury, and a verdict rendered in the plaintiff's favor for the sum of $973, upon which the court entered judgment. The administrator appeals from the judgment and from the order overruling his motion for a new trial.

It is first complained of, as error, that the trial court permitted the plaintiff, over the objections of the defendant, to testify to transactions had with the decedent, Wormser. Upon this point the record clearly shows that the plaintiff was permitted to testify to the nature, terms, and performance of the verbal contract of employment claimed to have been entered into by him with the said decedent, and which was the basis of this action. Under the general rule which finds expression in the maxim that ''The mouth of one party being closed by death, the mouth of the other is closed by the law,'' much of this testimony would have been inadmissible.

The question here, however, must be considered in the light of our statutory provision on the subject, which is as follows: "In an action by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party or required to testify thereto by the court." Rev. Stats., par. 1865. An evident purpose of this statute was to leave the competency of either party's testimony regarding such "transaction" or "statement" to the sound discretion of the court. In the case before us the court exercised that discretion by overruling the objections of counsel, and thereby "requiring" the plaintiff to testify. The same facts were, however, testified to by two other witnesses; and, there having been no apparent abuse of discretion, there was no error in the court's ruling admitting the testimony complained of.

It is contended by the appellant that there is a material variance between the complaint and the evidence in this case, and the point is sought to be made that, while the plaintiff's pleading declared upon an express contract, the tendency of his proofs was to support an implied contract. The appellant's contention in this regard is not, however, sustained by the record. While at the beginning of the trial the plaintiff asked and obtained leave to amend his complaint so as to permit of a recovery upon a *quantum meruit*, such amendment was never in fact made, and the evidence throughout shows that the case was tried and submitted upon the theory of an express contract. Besides the plaintiff's own statement in relation to the matter, there was the testimony of two other witnesses tending directly to establish such a contract.

Upon the final proposition, that the verdict is contrary to the evidence, we need only say that there was some evidence presented to the jury in support of every allegation of the complaint essential to this recovery, except those allegations which were expressly admitted by the answer. The weight of the evidence and the credibility of the witnesses were matters peculiarly for the consideration of the jury, and of the lower court upon the motion for a new trial. The appellate court will not grant a new trial on the ground that the verdict

is contrary to the evidence, when the testimony is conflicting, and there is any evidence to support the verdict. The judgment of the district court is affirmed.

Sloan, J., and Doan, J., concur.