606 P.2d 830

**Glyn FRENCH and Hazel French, his wife, and Clyde Robert French and Terri French, his wife, Plaintiffs-Appellees,**

v.

**Colene M. FRENCH, Defendant-Appellant.**

**No. 2 CA–CIV 3342.**

Court of Appeals of Arizona, Division 2.

Jan. 7, 1980.

Rehearings Denied Feb. 13, 1980.

Richardson & Mortensen by Wilford R. Richardson, Safford, for plaintiffs-appellees.

**14**

Aboud & Aboud by John Aboud, Sr., Tucson, for defendant-appellant.

## OPINION

RICHMOND, Judge.

Appellant seeks reversal of a judgment (1) imposing a constructive trust on property she acquired when her husband died, and (2) ordering conveyance of the property to members of her deceased husband's family. Two parcels are involved, the home place and the cafe property. We affirm the trial court's order as to the home place, but reverse as to the cafe property.

## THE HOME PLACE

Appellee Glyn French is the younger brother of Clyde A. French, appellant's deceased husband. In 1947 their parents deeded to Clyde a parcel of land which included the disputed 20-acre home place. The evidence most favorable to upholding the trial court shows that the parents did so in order to qualify for old age assistance, with the understanding that Clyde would hold the property for himself, his brother (Glyn) and sister (Pearl, now deceased). Glyn testified that Clyde promised his father that he would keep the property in the French name by passing it on to Glyn. Clyde later sold part of the property, and distributed shares of the proceeds to Glyn and Pearl. He agreed to leave the remaining 20 acres of the home place to Glyn's son, Bert, with the understanding that appellant would have a life estate in the house. Still later, Clyde transferred ownership of the property into joint tenancy with appellant, who was aware of the family agreement to give Bert the property. Before Clyde died, he or appellant mailed Bert a deed conveying the property to Bert and his wife, Terri. That deed was never recorded and has disappeared. After Clyde's death, appellant had the property conveyed to herself, Bert and Terri as joint tenants. The trial court found that it was the intent of all the parties that the property be conveyed to Bert alone, subject to appellant's life estate in the family home.

The court's finding is supported by the testimony of members of the French family, a friend of Bert's, and a man who rented appellant's farm; and by physical evidence such as Clyde's ledger, which showed that he paid Glyn and Pearl part of the proceeds from the sale of the land. This evidence is sufficiently clear and convincing to support the conclusion that Clyde acquired legal title to the home place as constructive trustee for himself and his siblings, with the understanding that it be kept in the French family. The evidence also shows that Clyde and Glyn agreed the property would be passed on to Bert when Clyde died. A constructive trust arises when one who has rightfully acquired property may not in good conscience retain it. *Nitrini v. Feinbaum*, 18 Ariz.App. 307, 501 P.2d 576 (1972). Legal title to the home place acquired by appellant as the surviving joint tenant is subject to the constructive trust.

Appellant argues that the trial court abused its discretion by refusing to apply the dead man's statute, A.R.S. § 12–2251, to prevent appellees from testifying about statements made to them by Clyde. The dead man's statute bars the testimony of people who are parties to the issue to which the testimony relates. *Cachenos v. Baumann*, 25 Ariz.App. 502, 544 P.2d 1103 (1976). Bert, and possibly Terri, were the only interested parties as to the issue of the home place. Since their testimony was amply corroborated by witnesses who were not interested parties, it was not an abuse of discretion for the court to admit the testimony. *Id.*

We also reject appellant's arguments that the action was barred by the statute of limitations, laches, and the statute of frauds. The statute of limitations does not start running until there is repudiation by the trustee in cases where title is rightfully secured but wrongfully retained. *Nitrini v. Feinbaum*, supra. The evidence shows that Clyde never repudiated his agreement that the home place would pass to Bert. The cause of action arose after Clyde's death in 1974, and this action was

filed in 1977, within the four-year limitation of A.R.S. § 12–550. The defense of laches does not apply, since appellees brought suit within a reasonable time, and the statute of frauds has no application to a constructive trust. *Chirekos v. Chirekos*, 24 Ariz.App. 223, 537 P.2d 608 (1975).

## THE CAFE PROPERTY

The other disputed property is a cafe (now rented as a warehouse) which was built and run by Clyde and Glyn's wife, Hazel. Title to the property was jointly held one-half by Clyde and one-half by Glyn and Hazel, pursuant to deeds made in 1964 but not recorded until 1968. Before the deeds were recorded, Clyde told Glyn and Hazel that he wanted nothing more to do with the cafe, which was in financial trouble—he was giving his share to them. Since then, Glyn and Hazel have paid all of the taxes and treated the property as theirs although Clyde never deeded his interest to them.

When Clyde died, appellant agreed to transfer her interest in the cafe property to Hazel and Glyn if they would pay the costs. She told the attorney who prepared the deed that she thought Glyn owned the cafe property, and she made no claim to it. Appellant signed a quitclaim deed transferring the property to Glyn and Hazel, but changed her mind before the deed was delivered. The court found that the cafe property was held in constructive trust for Glyn and Hazel and ordered its transfer to them. The finding is not supported by the evidence.

Since Clyde recorded the deed after he orally renounced his interest in the cafe, it is possible that he only intended to give Glyn and Hazel his interest in the cafe enterprise, not in the land. Even if he intended to give up his interest in the land, however, the facts do not justify the imposition of a constructive trust.

Constructive trusts have been used when a person transferred title to another for the benefit of himself or a third party, *Nitrini*, supra, or when a person acquired title through fraud, *In Re Estate of Rose*, 108 Ariz. 101, 493 P.2d 112 (1972), or the breach of a fiduciary relationship, *Raestle v. Whitson*, 119 Ariz. 524, 582 P.2d 170 (1978). A constructive trust is not justified when a property owner merely intends to give his interest to another but the gift is never completed. A parol gift of land is completed when the statute of frauds is complied with or when the donee takes possession of the land in pursuance of the gift and makes valuable improvements on it. *Stewart v. Damron*, 63 Ariz. 158, 160 P.2d 321 (1945). The donee's action must be exclusively referable to the gift, however. *Mershon v. Essley*, 204 Okl. 660, 233 P.2d 293 (1951).

Payment of taxes on the property and other acts of Glyn and Hazel are consistent with their rights and duties as co-tenants and do not refer exclusively to a parol gift. *See Dimmick v. Dimmick*, 58 Cal.2d 417, 24 Cal.Rptr. 856, 374 P.2d 824 (1962); *Fritch v. Fritch*, 53 Wash.2d 496, 335 P.2d 43 (1959); *Mershon v. Essley*, supra. Since the alleged gift was never completed, no constructive trust was created. Appellees' argument that the cafe property should be included in the constructive trust imposed on the home place is refuted by the testimony of Glyn and Hazel that the cafe was an entirely separate venture.

Although appellant does not hold the cafe property in constructive trust for Glyn and Hazel, her undivided half interest is subject to an equitable lien for half of the sums paid by them for taxes, assessments and improvements. *See Fritch*, supra. The only evidence in that regard is that appellees spent $1,500 to add an apartment to the building.

The judgment as to the home place is affirmed. The judgment as to the cafe property is reversed, with directions to enter judgment in favor of appellant, subject to a lien on her undivided half interest in favor of appellees in the sum of $750.

HATHAWAY, C. J., and HOWARD, J., concur.