635 P.2d 876

In the Matter of the ESTATE OF Reno MUSTONEN, Deceased.

Arney MUSTONEN, Petitioner/Appellant,

v.

Donald R. SCHROEDER, Personal Representative of the Estate of Reno Mustonen; and the Estate of Reno Mustonen, Respondents/Appellees.

No. 2 CA–CIV 3945.

Court of Appeals of Arizona, Division 2.

Sept. 28, 1981.

Laurence M. Berlin, Tucson, for petitioner/appellant.

Vincent & Gjurgevich by Edward C. Vincent, Tucson, for respondents/appellees.

OPINION

BIRDSALL, Judge.

This appeal is from a denial of appellant's claim against the estate of the decedent, Reno Mustonen, for the value of services allegedly rendered in return for the decedent's unfulfilled promise to devise certain real property to appellant. The only issue raised on appeal is whether the trial court abused its discretion in determining that

appellant's testimony concerning the alleged agreement was barred by the dead man statute. We find no abuse of discretion and affirm.

Since appellant was an interested party to an action against the decedent's personal representative, the admissibility of his offered testimony was governed by A.R.S. § 12–2251, which provides:

"In an action by or against executors, administrators or guardians in which judgment may be given for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party, or required to testify thereto by the court. The provisions of this section shall extend to and include all actions by or against the heirs, devisees, legatees or legal representatives of a decedent arising out of any transaction with the decedent."

Though the general incompetency imposed by this statute seems to have only two narrow exceptions, the words "required to testify thereto by the court" have been given broader meaning than they might initially connote. Those words have long been interpreted to make the application of the statute discretionary with the trial court, with the result that a party is "required" to testify when the court, exercising its discretion, overrules an objection to the party's testimony. *Goldman v. Sotelo*, 7 Ariz. 23, 60 P. 696 (1900); *Costello v. Gleeson*, 15 Ariz. 280, 138 P. 544 (1914).

In this case, however, the court exercised its discretion to exclude the offered testimony of the appellant. Relying primarily upon *Cachenos v. Baumann*, 25 Ariz.App. 502, 544 P.2d 1103 (1976), appellant contends that this exclusion was an abuse of the court's discretion because it worked an injustice upon him and because the court applied an improper standard to determine whether his offered testimony was corroborated by independent evidence. In the relevant passage from *Cachenos*, Division One of this court stated:

"[T]he discretion of the trial court in admitting testimony of transactions with or statements by the decedent will be upheld where (1) it appears an injustice will result if the testimony is rejected, *Davey v. Janson*, 62 Ariz. 39, 153 P.2d 158 (1944), or [(2)] where there is independent evidence to corroborate the transaction with the decedent. *Goff v. Guyton*, 86 Ariz. 349, 346 P.2d 286 (1959); *Condos v. Felder*, supra. Conversely, it would appear if one of these two elements are present, a rejection of testimony concerning transactions with or statements by the decedent would result in an abuse of discretion." 25 Ariz.App. at 505, 544 P.2d at 1106.

Appellant contends that his testimony was corroborated by independent evidence. The trial court, however, in a finding of fact made a part of its judgment, found that there was "no substantial or convincing corroborative evidence supporting the claim of Arny Mustonen."

█ We have not been furnished either a reporter's transcript of the proceedings below or one of the substantial equivalents provided for in Rule 11, Arizona Rules of Civil Appellate Procedure, 17A A.R.S. Being unable to review the evidence, we must presume that it supported the trial court's finding. *Bryant v. Thunderbird Academy*, 103 Ariz. 247, 439 P.2d 818 (1968).

█ Appellant further contends that the trial court's requirement that corroborative evidence be "substantial or convincing" was an error of law reviewable without resort to a more complete record. He asserts that the standard of "substantial or convincing" is not established by prior cases and places too onerous a burden upon a party seeking to avoid the dead man statute. We do not agree.

Appellant correctly notes that the law establishes no concrete standard which must be applied in every case to determine whether testimony of a party is sufficiently corroborated to avoid the statute. *See* Annot. 21 A.L.R.2d 1013, 1027. In *Cachenos*, for instance, the court noted only that the

corroborative evidence was "sufficient." That decision, reversing the trial court's refusal to admit the testimony of a party, carefully pointed out nine facts which could be construed to corroborate the offered testimony.[1] In *French v. French*, 125 Ariz. 12, 606 P.2d 830 (App.1980), this court approved the admission of parties' testimony. We noted that the corroboration of that testimony was "ample," but did not hold that "ample" corroboration was essential to the result.

The absence of a concrete standard is not the result of judicial oversight. The fixing of such a standard would be an unwarranted exercise impinging upon the judicial discretion which has been described as "one of the best and saving features of the Arizona law." Udall, *Arizona Law of Evidence*, § 103 p. 195 (1960). If the trial court is to have any real discretion in determining the application of the statute, it must also be given the discretion to adopt for itself a reasonable standard for use in determining whether corroboration is sufficient.

The standard used by the court below is neither onerous nor unreasonable. In its ordinary civil context, "substantial evidence" is simply relevant evidence from which a reasonable mind might draw a conclusion. *Beasley v. Califano*, 608 F.2d 1162, 1168 (8th Cir. 1979). The term "convincing evidence," though less frequently used, has been similarly defined. *See Freese v. Hibernia Savings and Loan Assoc.*, 139 Cal. 392, 73 P. 172 (1903).

The record contains no indication that the trial court assigned any different meanings to those terms. We therefore find no abuse of discretion in the trial court's use of its "substantial or convincing evidence" standard.

▮ In further reliance upon *Cachenos*, appellant contends that the application of the dead man statute worked an injustice in this case. Despite the parallel treatment given to injustice and corroboration in *Cachenos*, we do not believe that these are separate or parallel concerns. Rather, the doing of justice is the real concern while the presence or absence of corroboration is only an indicator of the needs of justice. The trial court found corroboration to be lacking. From the sketchy picture of this case painted by the available record, we have no cause to believe that the court erred in determining that justice would be served without appellant's testimony.

The judgment is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

---

1. *Cachenos*, unlike the instant case, was an appeal from summary judgment requiring the facts to be construed in favor of the appellant.