**In the Matter of Donald YAKEL, Carol E. Yakel, Debtors.**

**ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM, Appellant,**

v.

**George NELSON, Miller & Pitt, Appellees.**

**No. CIV 88–676 TUC–RMB.**

United States District Court, D. Arizona, Tucson Division.

Jan. 26, 1989.

---

No appearance for debtors.

Cavender C. Kimble, Winston & Strawn, Phoenix, Ariz., for appellant Arizona Health Care Cost Containment System.

Lindsay Brew, Miller & Pitt, Tucson, Ariz., for appellee Miller & Pitt.

Dean Sipe, Tucson, Ariz., for appellee Nelson.

### ORDER

BILBY, Chief Judge.

Appellant, Arizona Health Care Cost Containment System ("AHCCCS"), appeals a Bankruptcy Court decision ordering appellee Miller & Pitt to turn over to appellee George Nelson, as bankruptcy trustee for Donald and Carol Yakel, funds obtained from the settlement of Yakel's claims against a third party tortfeasor. AHCCCS claims $24,309.65 of the settlement represents medical costs incurred by AHCCCS in the treatment of Donald and Carol Yakel and as such are not property of the Yakel's estate.

AHCCCS is required by A.R.S. § 36–2901, *et seq.* to seek reimbursement for "any costs for hospitalization and medical care paid by the system [that] are recovered from any other available third par-

ty payors." A.R.S. § 36–2903(G) (Supp. 1986). The Arizona Legislature passed A.R.S. § 12–962 (Supp.1987) to provide state agencies like AHCCCS a variety of methods to seek reimbursement. The Legislature patterned A.R.S. § 12–962 (Supp. 1987) on a preexisting federal reimbursement statute, 42 U.S.C. § 2651 (1973). Courts interpreting 42 U.S.C. § 2651 (1973) have determined the language used in A.R.S. § 12–962 (Supp.1987) provides three methods for recovery of the cost of medical and hospital care furnished to a plaintiff claiming tort liability: (1) by subrogation; (2) by intervening or joining in any action brought by the injured person; and (3) by instituting such an action itself or in conjunction with the injured person. None of these procedures are mandatory; the choice of method is left to the head of the department or agency furnishing the care. *Conley v. Maattala,* 303 F.Supp. 484, 485 (D.N.H.1969).

AHCCCS chose to recover by subrogation. The subrogation right in A.R.S. § 12–962 (Supp.1987), like the subrogation right in 42 U.S.C. § 2651 (1973), created an equitable right in AHCCCS to a portion of the Yakel's recovery against a third party tortfeasor. Therefore, when the Yakel's brought their tort action on their own behalf, by virtue of the subrogation they also brought suit on behalf of AHCCCS. *Albright v. R.J. Reynolds Tobacco Co.,* 350 F.Supp. 341, 350–51 (W.D.Pa.1972); *Pacific Reliance Ins. Co. v. Kelley,* 127 Ariz. 87, 618 P.2d 257 (App.1980).

Such a result was clearly the intent of the Arizona Legislature when it created A.R.S. § 12–962 (Supp.1987) and Congress when it created the bankruptcy system. Congress specifically exempted from the bankrupt estate property the debtor does not hold an equitable interest in. Congress explained its intent with regard to this exemption as follows:

> Section 541 will not apply in those instances where property which ostensibly belongs to the debtor is in reality, held by the debtor in trust for another. For example, if the debtor has incurred medical bills that were covered by insurance and the insurance company had sent pay-

582

ment of those bills to the debtor before the debtor had paid the bill for which the payment was reimbursement, the payment would actually be held in constructive trust for the person to whom the bill was owed. The payment would not, therefore, become property of the estate pursuant to Section 541.

H.R.Rep. No. 595, 95th Cong., 1st Sess., 367–8 (1977); S.Rep. No. 989, 95th Cong., 2d Sess., 82–3 (1978) *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787.

Because equitable title to that portion of the settlement representing medical costs AHCCCS expended never became part of the estate of Donald and Carol Yakel, the bankruptcy court erred in ordering appellee Miller & Pitt to turnover those funds to appellee George Nelson. Appellee George Nelson holds AHCCCS's portion in a constructive trust for the benefit of AHCCCS. *French v. French*, 125 Ariz. 12, 606 P.2d 830 (App.1980) (Constructive trust arises where one rightfully acquires property but may not in good conscience retain it).

Therefore, IT IS ORDERED that Appellant's appeal is GRANTED and a constructive trust for the benefit of AHCCCS is imposed on the settlement funds received by George Nelson pursuant to the Bankruptcy Court's turnover order to the extent of the medical and hospital costs incurred by AHCCCS in the care and treatment of Carol and Donald Yakel.

IT IS FURTHER ORDERED that this action is remanded to the Bankruptcy Court for determination of the exact amount AHCCCS is entitled to under A.R. S. § 12–962 (Supp.1987).