### In re Bonnie SQUYRES, Debtor.

### Bankruptcy No. 94–80589.

United States Bankruptcy Court, C.D. Illinois.

Sept. 20, 1994.

---

John W. Howard, Hinshaw & Culbertson, Peoria, IL, for Farmers.

Raymond J. Callery, Stephens, Fiddes, McGill & Associates, P.C., Peoria, IL, for debtor.

Charles E. Covey, Trustee, Peoria, IL.

## OPINION

WILLIAM V. ALTENBERGER, Chief Judge.

Prior to the filing of her Chapter 7 proceeding in bankruptcy, the Debtor was involved in an automobile accident with Mary Sharp (SHARP). The Debtor was insured by The Farmers Automobile Insurance Association (FARMERS), with the policy providing in part as follows:

OUR RIGHT TO RECOVER PAYMENT.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

FARMERS paid Debtor's medical expenses of $7,788.05.

The Debtor then filed her Chapter 7 proceeding, and on the Trustee's application, this Court authorized the Debtor's personal injury attorney to represent the Trustee to pursue the personal injury cause of action.[1] The personal injury attorney was successful in negotiating an $18,000.00 settlement with SHARP's insurance company, and the Trustee filed an application to accept the settlement with a distribution of the settlement proceeds as follows:

| | |
|---|---|
| Attorney fees | $ 6,000.00 |
| Costs | 998.24 |
| Debtor's exemption | 7,500.00 |
| Net to creditors | 3,501.76 |
| Total | $18,000.00 |

FARMERS objected to distribution of the settlement, contending its claim under the policy should be recognized before any payment is made to the Debtor or creditors and that the distribution should be as follows:

| | |
|---|---|
| Attorney fees | $ 6,000.00 |
| Costs | 998.24 |
| FARMERS | 7,788.05 |
| Debtor's exemption | 3,213.71 |
| Total | $18,000.00 |

Both the Trustee and the Debtor, while recognizing that under Illinois law a subrogation clause in an insurance policy is valid and

---

1. A law suit had not been filed, nor would one be filed.

enforceable, contend that FARMERS has nothing more than an unsecured contractual claim. FARMERS contends that the subrogation clause in the policy creates more than an unsecured contractual claim and that it has a right to $7,788.05 of the settlement proceeds, and that the $7,788.05 it is seeking is not part of the Debtor's estate.

Section 541 of the Bankruptcy Code, which defines property of the estate, is construed broadly. *In re Lucas,* 924 F.2d 597 (6th Cir.1991). Notwithstanding that broad interpretation, however, the debtor's interests in an asset or his rights against others are not expanded by the filing of a bankruptcy proceeding. *Matter of Sanders,* 969 F.2d 591 (7th Cir.1992); *Matter of Village Rathskeller, Inc.,* 147 B.R. 665 (Bkrtcy. S.D.N.Y.1992). To the extent that the legal or equitable interest of the debtor in property is limited in the debtor's hands, it is equally limited as property of the estate. *In re Balay,* 113 B.R. 429 (Bkrtcy.N.D.Ill.1990). This limitation is applicable to a debtor's interest in an insurance policy at the time of adjudication. 2A *Appleman, Insurance Law and Practice,* § 1379 (Rev.Ed.1972). Unless the Trustee, or the debtor standing in the shoes of the Trustee, can avail himself of the avoiding powers in Bankruptcy Code sections 544 through 551, the bankruptcy estate's interest in property remains as it was prior to the bankruptcy filing. *In re Becker,* 136 B.R. 113 (Bkrtcy.D.N.J.1992). Absent a provision of federal law to the contrary, the debtor's interest in property is determined by applicable state law. *In re Atchison,* 925 F.2d 209 (7th Cir.1991).

As conceded by the Trustee and the Debtor, subrogation clauses in insurance contracts are generally enforceable under Illinois law. *In re Estate of Scott,* 208 Ill. App.3d 846, 567 N.E.2d 605, 153 Ill.Dec. 647 (2d Dist.1991); *Powell v. Inghram,* 117 Ill. App.3d 895, 453 N.E.2d 1163, 73 Ill.Dec. 174 (3d Dist.1983). As such clauses are enforceable against the insured outside the realm of bankruptcy, such clauses should be enforced against debtors and bankruptcy trustees as well. Here, neither the Trustee nor the Debtor cite any pertinent authority nor do they refer specifically to any avoiding power of the Trustee which would defeat FARMERS' subrogation rights.

In *In re U.S. Lines, Inc.,* 79 B.R. 542 (Bkrtcy.S.D.N.Y.1987), prior to filing bankruptcy, one of the debtor's ships was damaged and the debtor received approximately $2,000,000 on an insurance policy issued by the plaintiff. The debtor later recovered in excess of $5,000,000 from the Panama Canal Commission and plaintiff demanded recovery of the monies paid to the debtor. After the debtor filed a Chapter 11 petition, the plaintiff brought an adversary proceeding to impose a constructive trust on the monies received from the Commission. Rejecting the debtor's contention that the plaintiff held merely an unsecured claim, the court stated:

A constructive trust is a court created equitable remedy to prevent unjust enrichment. The imposition of such a trust presumes (1) entitlement to specific property, (2) the existence of a *res,* and (3) the ability to trace the property. (Citations omitted.)

Under general insurance law, "where an insured has received from the insurer the amount which is a full satisfaction for the loss sustained, he will, upon recovery from the wrongdoer, hold so much of such sum as may be necessary to reimburse the insurer in trust for the latter." 16 *Couch on Insurance 2d,* § 61:29 (Rev.Ed.1983). *See* J.A. Appleman and J. Appleman, *Insurance Law and Practice,* § 4096 (Rev. Ed.1972). Not to the contrary is *Arkwright Mutual Insurance Co. v. Bargain City, USA, Inc.,* 251 F.Supp. 221 (E.D.Pa. 1966), *Aff'd,* 373 F.2d 701 (3rd Cir.1967), *cert. denied,* 389 U.S. 825, 88 S.Ct. 63, 19 L.Ed.2d 79 (1967), upon which U.S. Lines relies. There the insurer loaned sums to the insured in anticipation of payment by the wrongdoer and thereby structured their relationship as that of an unsecured loan. The court accordingly refused to disturb that relationship by imposing a constructive trust. Here the relationship is that described in *Couch* and *Appleman.* Consequently, U.S. Lines assumed a duty of restitution to Plaintiffs when it received payment from the Commission. This duty is enforceable in equity through the doctrine of constructive trust.

The same result was reached by the court in *Matter of Yakel,* 97 B.R. 580 (D.Ariz.1989), on facts similar to those in the case before this Court. The debtors were injured and received medical treatment from the Arizona Health Care Cost Containment System ("AHCCCS"). State law required AHCCCS to seek reimbursement for costs incurred from any available third party. When the debtors received funds from the settlement of their claims against a third party tortfeasor, AHCCCS sought reimbursement of its medical costs. Reversing the ruling of the bankruptcy court allowing the bankruptcy trustee's motion for turnover, the District Court ruled:

> The subrogation right in [Arizona statutes], like the subrogation right in 42 U.S.C. 2651 (1973), created an equitable right in AHCCCS to a portion of the [debtors'] recovery against a third party tortfeasor. Therefore, when the [debtors] brought their tort action on their own behalf, by virtue of the subrogation they also brought suit on behalf of AHCCCS. (Citations omitted.)

Such a result was clearly the intent of the [Arizona Legislature] and Congress when it created the bankruptcy system. Congress specifically exempted from the bankrupt estate property the debtor does not hold an equitable interest in. Congress explained its intent with regard to this exemption as follows:

> Section 541 will not apply in those instances where property which ostensibly belongs to the debtor is in reality, held by the debtor in trust for another. For example, if the debtor has incurred medical bills that were covered by insurance and the insurance company had sent payment of those bills to the debtor before the debtor had paid the bill for which the payment was reimbursement, the payment would actually be held in constructive trust for the person to whom the bill was owed. The payment would not, therefore, become property of the estate pursuant to Section 541.

H.R.Rep. No. 595, 95th Cong., 1st Sess., 367–8 (1977); S.Rep. No. 989, 95th Cong., 2d Sess., 82–3 (1978) *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787.

Because equitable title to that portion of the settlement representing medical costs AHCCCS expended never became part of the estate of [the debtors], the bankruptcy court erred in ordering appellee Miller & Pitt to turnover those funds to [the trustee.] [The trustee] holds AHCCCS's portion in a constructive trust for the benefit of AHCCCS.

This Court agrees with the reasoning of the courts in *Yakel* and *U.S. Lines, Inc., supra,* and holds that FARMERS is entitled to be paid the sum of $7,788.05 from the settlement proceeds.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.