NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

GATHNIEL B. THOMAS, *Petitioner/Appellee*,

*v.*

EFUAH LETTICIA NJIE, *Respondent/Appellant.*

No. 1 CA-CV 16-0011 FC
FILED 9-29-2016

Appeal from the Superior Court in Maricopa County
No. FC2014-009745
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Gathniel B. Thomas, Phoenix
*Petitioner/Appellee*

Efuah Letticia Njie, Mesa
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Randall M. Howe and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

**¶1**          Efuah Njie (Wife) appeals the family court's decree of dissolution: (1) allocating her one-half of a community credit card debt and one-half of a community jewelry debt; (2) ordering her to pay Gathniel Thomas (Husband) a one-half community interest in a joint bank account; and (3) denying her request for child support. For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**          In December 2014, Husband filed a petition for dissolution of a non-covenant marriage with children; in her response, Wife disagreed with virtually all the provisions of Husband's petition, including those relating to division of community property and child support. An evidentiary hearing was held in October 2015 to address the parties' disputed issues, and the family court issued a decree of dissolution the following month.

**¶3**          Within that decree, the family court, applying the Arizona Child Support Guidelines, *see* Ariz. Rev. Stat. (A.R.S.) § 25-320 app.,[2] declined to award child support for the parties' minor child because the difference between each party's share of the combined child support obligation was less than $100. Regarding the division of community property and debts, the court first found that "Wife closed [the parties'] joint [bank] account without providing Husband one-half of the funds," and then ordered "Wife shall pay Husband the sum of $1,323.61 as . . . his one-half community interest in the joint bank account." The court further

---

[1]          We view the facts in the light most favorable to upholding the family court's order. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5 (App. 1998) (citing *Mitchell v. Mitchell*, 152 Ariz. 317, 323 (1987)).

[2]          Absent material changes from the relevant date, we cite a statute's current version.

identified two community debts: (1) a jewelry debt of $2,846.40 paid in full by Husband, and (2) a credit card debt totaling $5,000.00. The court allocated one-half of the credit card debt to Wife and ordered her to reimburse Husband for one-half of the jewelry debt.

¶4 Wife timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶5 Wife argues the family court erred by allocating her one-half of the community debt, ordering her to reimburse Husband for one-half of the parties' joint bank account, and denying her child support for babysitting expenses. We review the division of community property and the calculation of child support for an abuse of discretion. *See In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14 (App. 2010) (allocation of community assets and liabilities) (citing *Gutierrez*, 193 Ariz. at 346, ¶ 5); *In re Marriage of Robinson & Thiel*, 201 Ariz. 328, 331, ¶ 5 (App. 2001) (child support) (citing *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999)).

¶6 Wife contends tax returns attached to her reply brief prove a gross disparity in her income as compared to Husband such that the family court's property division was inequitable. Those tax returns are not contained within the record on appeal, and we do not consider them. *See Lewis v. Oliver*, 178 Ariz. 330, 338 (App. 1993) ("We will consider only those matters in the record before us and presume that, as to matters not in our record, the record before the trial court supported its ruling.") (citing *Nat'l Advert. Co. v. Ariz. Dep't of Transp.*, 126 Ariz. 542, 544 (App. 1980)).

¶7 Furthermore, as the appellant, Wife "is responsible for making certain the record on appeal contains all transcripts or other documents necessary for [this Court] to consider the issues raised on appeal." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("When a party fails to include necessary items, we assume they would support the court's findings and conclusions.") (citing *In re Mustonen's Estate*, 130 Ariz. 283, 284 (App. 1981)); *see also* ARCAP 11(c)(1)(A)-(B) (stating it is the appellant's duty to order, and include in the record, transcripts of all relevant proceedings). Wife did not do so, and, in the absence of a complete record, we presume both that substantial evidence exists to support the family court's factual findings and the court properly exercised its discretion. *See Mustonen's Estate*, 130 Ariz. at 284 (citing *Bryant v. Thunderbird Acad.*, 103 Ariz. 247, 249 (1968)); *accord Michaelson v. Garr*, 234 Ariz. 542, 546, ¶ 13 (App. 2014). On this record, we find no error.

**CONCLUSION**

¶8          The family court's order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA