NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ELI FLECK,
*Petitioner/Appellee,*

*v.*

BRITTNI ANTTI,
*Respondent/Appellant.*

No. 1 CA-CV 18-0408 FC
FILED 4-23-2019

Appeal from the Superior Court in Maricopa County
No.  FC2010-002034; FC2010-091969
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

APPEARANCES

Brittni Antti, Mesa
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

¶1        Brittni Antti ("Mother") appeals the superior court's award of attorney's fees to Eli Fleck ("Father") after the court modified parenting time with respect to the parties' child.  For the following reasons, we affirm.[1]

### FACTS AND PROCEDURAL BACKGROUND

¶2        In February 2013, the superior court granted Father primary physical custody of the child and Mother supervised visitation on alternate weekends.  It also ordered joint legal decision-making authority, with Father having final decision-making authority.

¶3        In February 2017, Mother filed a petition to modify the existing order, seeking "50/50 parenting time" and final decision-making authority with respect to the child's medical and educational needs.  In Father's response, he offered to allow Mother "overnights on Saturdays" and said he was open to "additional time for Mother" under certain circumstances, but did not concede that Mother should have equal parenting time.

¶4        In October 2017, the parties exchanged written settlement proposals.  Father offered a "5-2-2-5 parenting plan" that would divide parenting time equally.  He also proposed joint legal decision-making authority with neither parent having final authority.  Finally, Father proposed that the child would remain in her current school and transition to a middle school in a different school district.  Mother rejected Father's proposals. She proposed instead that parenting time be divided 60/40 in her favor, that she be awarded final decision-making authority over "all major decisions" concerning their daughter, and that the child attend a middle school in her current school district.  Mother also asked that Father's

---

[1]        Although Father did not file an answering brief, in our discretion, we decline to consider his failure to do so as a confession of error.  *See Cardoso v. Soldo*, 230 Ariz. 614, 616, ¶ 4, n.1 (App. 2012).

current wife be removed from the child's medical, dental and school records, Mother be listed as the primary contact, and that Father's wife not "be involved with child's daily activities, discipline, or any decisions regarding minor child, without the prior written consent of Mother." Mother further proposed that Father's wife "is to always, without exception, be referred to as 'step mother.'"

¶5        In the absence of any agreement, Father moved to set a hearing on Mother's petition but offered in the meantime to begin sharing parenting time on a 50/50 basis. The court set an evidentiary hearing for February 14, 2018. In his prehearing statement, Father asked the superior court to award him "a reasonable portion" of his attorney's fees, asserting Mother had been "extremely unreasonable throughout this entire litigation." In particular, Father stated he had made "good faith efforts to come to an agreement with Mother and implement an equal parenting time schedule," but Mother had taken an unreasonable position by declining his offer.

¶6        At the hearing, the court received exhibits reflecting the parties' exchange of offers the prior October. After hearing the evidence, the court issued a detailed order adopting a 50/50 parenting time schedule and continued joint legal decision-making authority, giving Father final authority. The court also addressed Mother's concerns regarding Father's wife by ordering that both parties should ensure that the child does not refer to any other person as "Mom/Mother" or "Dad/Father" and ordered that each parent list the other parent as a primary contact person with medical and education personnel.

¶7        Finally, the court granted Father's request for attorney's fees under Arizona Revised Statutes ("A.R.S.") section 25-324 (2019).[2] In deciding to award fees, the court found that Father "has greater financial resources, but Mother acted unreasonably" by refusing Father's offer of 50/50 parenting time during the October exchange, only to agree to equal parenting time at the hearing. As the court pointed out, "had [Mother] agreed to equal parenting time before the trial, Father would not have incurred the attorneys' fees he incurred in going to trial." Father filed an application seeking $10,475 in fees. Mother filed an objection, arguing she initially had tried to mediate her requests in late 2016 and pointing out that Father did not offer equal parenting time until his October 2017 settlement proposal. She further contended that the proposal Father made then was

---

[2]        Absent material revision after the relevant date, we cite the current version of a statute or rule.

contingent on her accepting other settlement terms. Ultimately, the court awarded Father $4,000 in fees.

**¶8**          Mother filed two notices of appeal, the first after the superior court's order on the merits, and a second after the court's award of attorney's fees. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019) and -2101(A)(2) (2019).

## DISCUSSION

**¶9**          Mother's brief addresses only the court's award of attorney's fees. We review an award of attorney's fees for an abuse of discretion. *Murray v. Murray*, 239 Ariz. 174, 179, ¶ 20 (App. 2016). Under § 25-324, a court may award attorney's fees in modifying parenting time "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings."

**¶10**          In her petition to modify, Mother sought equal parenting time. Nonetheless, she rejected equal parenting time when Father offered it several months before the hearing, instead demanding that parenting time be divided 60/40 in her favor. On appeal, Mother has not filed a copy of the hearing transcript, so we must conclude that it supports the superior court's finding that, after previously rejecting Father's 50/50 proposal, she agreed at the hearing to accept equal parenting time. *See Bryant v. Thunderbird Academy*, 103 Ariz. 247, 249 (1968).

**¶11**          Mother asserts she rejected Father's pretrial offer of equal parenting time because she did not agree with other terms he proposed at the same time. But Father's settlement proposal did not state that it must be accepted in full, and the superior court was free to conclude that Mother reasonably could have negotiated the other items individually. Likewise, although Father initially opposed Mother's request for equal parenting time, it is undisputed that several months before trial, he told her he would agree to a 50/50 split and, at that point, rather than accept his concession of what her petition had requested, Mother demanded even more parenting time, without a legitimate basis. The court did not abuse its discretion by concluding that the expense of trial could have been avoided had Mother reasonably responded to Father's October 2017 proposal.

**¶12**          Rather than address the substantive basis for the court's finding that she took unreasonable positions in the litigation, Mother argues the court's reliance on the parties' compromise offer and counteroffer violated Arizona Rule of Evidence 408. Although that rule

bars the use of settlement statements offered to prove or disprove a claim, it does not apply when a court is determining the reasonableness of the parties' positions under § 25-324. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 351, ¶ 34 (App. 1998).

**¶13** Mother also argues Father did not timely disclose his witnesses and exhibits, including the pretrial settlement proposals. Mother objected to Father's untimely disclosure, but the court did not rule on her objection and admitted Father's exhibits, thereby implicitly denying her objection. *See Pearson v. Pearson*, 190 Ariz. 231, 237 (App. 1997) (failure to rule on a motion is implicit denial of the motion). In any event, Mother does not suggest that she was prejudiced by Father's untimely disclosure, which came just one day after the court's deadline and more than a month before the hearing. Accordingly, we cannot conclude the court abused its discretion in admitting the evidence. *See State ex rel. Montgomery v. Miller*, 234 Ariz. 289, 297, ¶ 15 (App. 2014) ("An appellate court 'will not disturb a trial court's rulings on the admission . . . of evidence unless [the court] finds a clear abuse of discretion and resulting prejudice.'" (quoting *Lohmeier v. Hammer*, 214 Ariz. 57, 61, ¶ 7 (App. 2006))); *see also Muscat by Berman v. Creative Innervisions LLC,* 244 Ariz. 194, 197, ¶ 7 (App. 2017) ("We will affirm the court's disposition if it is correct for any reason.").

**¶14** Mother also argues the award of attorney's fees was improper because she prevailed on her petition to modify. A fees award under § 25-324, however, does not turn on which party prevails on the merits of the litigation. *See Brietbart-Napp v. Napp*, 216 Ariz. 74, 84, ¶ 39 (App. 2007). Instead, the superior court only considers the parties' financial resources and "the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A).

**¶15** Mother also argues she was deprived of a fair trial because in the courtroom she discovered that someone had placed her exhibits in the wrong order, but she does not explain how the arrangement of her exhibits would have affected the outcome of the proceeding or the fees award. Mother's other arguments do not address the reasonableness of her position on parenting time or the propriety of the court's award of attorney's fees.

**CONCLUSION**

¶16      For the foregoing reasons, we affirm the superior court's award of $4,000 in attorney's fees to Father.



AMY M. WOOD • Clerk of the Court
FILED:   AA